(Decided May 16th 1866.)

JOSEPH H. MEIXEL, ET AL., *vs.* WILLIAM CARR.

PLEADING: MOTION IN ARREST OF JUDGMENT: 1 CODE, ART. 75, SEC. 22, SUB-SEC. 29.—A declaration in *tort* alleged,—"that the defendants converted to their own use, or wrongfully deprived the plaintiff of the plaintiff's goods, that is to say, four barrels of whiskey," &c.. Plea not guilty. After verdict for the plaintiff, on motion in arrest of judgment. HELD:

1st. That the alternate forms in which the wrong is laid are *equivalents,* and relating to the same thing, import a single injury, for which the appellee claimed the damages found by the jury.

2nd. That the form of the count is expressly prescribed by 1 Code, Art. 75, Sec. 22, Sub-Sec. 29.

APPEAL from the Court of Common Pleas:

This was an action instituted by the appellee against the appellants on the 5th of September, 1863. The declaration alleged: "That William Carr, trading under the name and firm of William Carr & Co., sues Joseph H. Meixel and Mc-Henry Grafton, co-partners, trading under the name and firm of Meixel and Grafton, for that the defendants converted

to their own use, or wrongfully deprived the plaintiff of the use and possession of the plaintiffs's goods, that is to say, four barrels of whiskey; and the plaintiff claims therefor $500. The defendants pleaded "*not guilty;*" issue was joined, a jury sworn, and a verdict rendered in favor of the plaintiff for $156.08. The defendants filed a motion in arrest of judgment, which motion the Court overruled, and entered judgment on the verdict, whereupon the defendants appealed to this Court.

The cause was argued before Bowie, C. J., and Goldsborough, Cochran and Weisel, J.

*John M. Frazier,* for the appellants, argued:

1st. That the declaration was in the alternative; that it did not set forth any proper cause of action, and was therefore materially defective, and cited: 1 *Chitty on Pleading,* 237. *Stephen on Pleading, page* 387. *Cook vs. Cox,* 3 *M. & S.,* 114. *Griffith vs. Myles,* 1 *Bos. & Pul.,* 413. *Stirling vs. Garritee,* 18 *Md. Rep.,* 468.

2nd. That the defect was not cured by verdict, and the objection was properly taken by motion in arrest of judgment. *Cook vs. Cox,* 3 *M. & S.,* 114. *Fugit vs. Brayton,* 2 *H. & J.,* 350. *Stirling, et al., vs. Garritee,* 18 *Md. Rep.,* 468.

*Benjamin F. Horwitz,* for the appellee:

1st. The declaration is in the precise language of the 29th form prescribed by 1 Code, Art. 75, (p. 514,) which form, by the 22nd section of that Art. (p. 510,) is expressly declared sufficient, and the sufficiency of which form is reiterated by the clause between the 13th and 14th forms of said article, on page 511. As, therefore, there is nothing unconstitutional in this law, the act of the Legislature declaring this form

sufficient is, it is submitted, conclusive on the point, and it is not necessary to examine its language, as the Legislature had the power to introduce any language and declare it sufficient, and *ipso facto* it became sufficient.

2d. This Court has decided the very form used to be good. *Stirling vs. Garritee*, 18 *Md. Rep.*, 468.

3d. The rule of pleading, laid down in the Code, would make it good if it were not a prescribed form of the Code. 1 Code, sec. 3, Art. 75, p. 507, and 1 Code, sec. 14, Art. 29, p. 194.

4th. This declaration would, however, be good if it were not a prescribed form, especially after verdict, when every intendment is made to support the verdict; *or*, means in this form, *viz :* or *and*. (In the construction of deeds and wills *or* is often construed to mean *and*. See *Janney vs. Sprigg*, 7 *Gill*, 202.) If it were a defect, it would however be cured by verdict. 1 *Chitty on Pleading*, 673, 674, 682. *Merrick vs. Bank of Metropolis*, 8 *Gill*, 74. *Ing vs. State*, 8 *Md. Rep.*, 295. *Evans' Practice*, 331. 1 Code, Art. 75, secs. 8 and 9, p. 507.

Cochran, J., delivered the opinion of this Court:

The count in the declaration on which the appellants moved to arrest the judgment is, "that the defendants converted to their use, or wrongfully deprived the plaintiff of, the plaintiff's goods, that is to say, four barrels of whiskey, &c.," and, as the injury complained of is laid in the alternative, the motion asserts that the account is not sufficient to sustain a judgment on the verdict.

The point thus presented differs very materially from the one decided in *Sterling vs. Garritee*, 18 *Md. Rep.*, 468.— There, the plaintiff claimed a return of the property of which he had been deprived, or its value, and $1,500 for its detention. The damages were assessed generally, and the

judgment was arrested for the reason that no damages were claimed for a conversion of the property, and because the verdict could not, with reference to the declaration, be held to ascertain its value. No such difficulty is presented here. The alternate forms in which the wrong is laid are equivalents, and relating to the same thing, import a single injury for which the appellee claimed the damages found by the jury. A more particular notice of this point seems to be unnecessary. The form of the count upon which this verdict was rendered is expressly prescribed in the Code, Art. 75, sec. 22, sub-sec. 29, and in sec. 22, declared to be sufficient.

