RODERICK MCDONALD, Respondent, v. JOHN MANGOLD, Appellant.

### St. Louis Court of Appeals, February 26, 1895.

1. **Trover:** PLEADING. The petition in an action of trover will not be adjudged insufficient after verdict, because it fails to allege that the conversion of the personalty sued for was wrongful.

2. ———: ACTION BY TRESPASSER. One trespasser or wrongdoer can not, by reason of the wrongful possession acquired by him, maintain an action of trover against another.

3. ———: ———: TIMBER ON SCHOOL LANDS. Under this rule it is held that a person to whom a certificate for the purchase of school lands has been illegally issued, and who causes timber on the lands to be cut for him by an employee, can not maintain an action of trover for such timber against one who purchases it from such employee.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*E. R. Lentz* and *G. A. Standard* for appellant.

*L. D. Grove* for respondent.

ROMBAUER, P. J.—This action is trover for the conversion of certain staves. The trial before a jury resulted in a verdict for the plaintiff. Judgment being entered accordingly, the defendant appeals and assigns for error that the petition states no cause of action, and the proof substantiates none, and that the court erred in its rulings in receiving and excluding evidence and in giving and receiving instructions.

The petition states that the plaintiff, on a day named, was the owner and in possession of the staves in controversy, and that the defendant on said day took and carried them away and converted them to his own use, etc. No objection was interposed to the petition, otherwise than by objecting to testimony offered in its support. The only apparent objection to the petition is that it fails to state that the conversion was wrongful. Approved forms of pleading in trover recite either that the property was wrongfully converted, or that the plaintiff was wrongfully deprived of its possession, and such is the form of declaration given by Chitty. 2 Chitty's Pleading, 621. In *Meixel v. Carr*, 25 Md. 46, a declaration was upheld on motion in arrest, which stated that the defendants converted to their own use, *or* wrongfully deprived the plaintiff. As a conversion by necessary intendment seems to imply a wrongful act, we would not be justified in disturbing the verdict on the sole ground, that the petition in this case was entirely deficient because it omitted an essential averment. It is needless to decide whether a demurrer would lie to this petition, as the plaintiff will probably amend it before a retrial of the action by the insertion of the word *wrongfully*.

The plaintiff tried to show title to the staves by showing title to the land on which they were cut. For that purpose, he offered in evidence a certificate of pur-

chase issued to him by the sheriff of Butler county. When this certificate was offered in evidence, the defendant objected to it on the ground that it was both incompetent and irrelevant, and had no tendency to show any title to the lands in the plaintiff. The court overruled the objection, and the defendant excepted and still excepts. This ruling of the court was error, and, as the court, by instruction hereinafter set out, charged the jury that the certificate was evidence of plaintiff's title, the error was necessarily prejudicial. All the evidence conceded that the lands on which the staves were cut were school lands, which can be disposed of by the county court only in the manner provided by the Revised Statutes of 1889, section 6427, and following (Revised Statutes, 1879, section 6117, and following). It was not shown that the county court ever made an order for the sale of these lands, and there is no law which makes the recitals in the sheriff's certificate evidence of the facts therein recited. Beyond this, the sheriff's certificate, which was given in evidence, showed upon its face a noncompliance with the law. It showed a sale of the land (five hundred and sixty acres) in bulk, while the law requires its sale in forty acre lots. It failed to recite that the plaintiff had either paid anything for the land, or that he had secured the payment of the purchase money, which recitals, by the terms of the law, must be contained in the sheriff's certificate. On the contrary, it would appear by evidence offered by the defendant, and excluded by the court, that the plaintiff never paid anything for the land, and that this was one of those cases where the sheriff, without warrant of law, issued a certificate where no value for such certificate was received by the people, and where the pretended purchaser, under the color of such certificate, entered upon the land, despoiled it of part of its growing timber, and

held possession until the county court sold it *according to law* to someone else.

The court, at the request of the plaintiff, instructed the jury as follows:

"The court instructs the jury that the effect of the certificate of sale to the plaintiff by Henry Turner, sheriff, is to convey to the plaintiff the title of said lands; and, if the jury should believe from the evidence in the cause that the plaintiff went into possession of the land under the certificate of purchase, and that, during the time he remained in such possession, the timber of which the staves were made was cut off said land and removed to Neeleyville by one Frank Rodgers and sold to the defendant, and that defendant knew, or had cause to know, that said staves were made from such timber and that they were the property of the plaintiff, you should find the issues in favor of the plaintiff and assess his damages at such sum as you believe the testimony has established them to be worth, not exceeding the sum of $850.

It is evident that this instruction, under the view of the law above stated, was erroneous. The defendant gave evidence tending to show that he bought the staves in good faith from one Rodgers. The fact, which is relied on by the plaintiff, that Rodgers cut the staves on the land above mentioned, and cut them for the plaintiff could be material only if plaintiff himself had shown some lawful possession of the land either by himself or his tenants. The possession sufficient to maintain an action of trover in this class of cases must be a *lawful possession*. One trespasser or wrongdoer can not maintain trover against another. *Turley v. Tucker*, 6 Mo. 583. It results that the judgment must be reversed and the cause remanded. So ordered. All concur.