PEMISCOT COUNTY ABSTRACT AND INVESTMENT COMPANY, Appellant, v. JOHN BADER et al.

**Division One, May 31, 1913.**

SALE OF SCHOOL LANDS: Order of County Court: Petition by People of Township: Jurisdiction. While Sec. 8161, R. S. 1899, gives the county court the power to direct the sale of school lands, it requires, as a condition precedent to its exercise, a petition from the beneficial owners, the people of the township. Such petition is jurisdictional, and without it no right can be acquired through the sale.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Charles A. Killian,* Judge.

AFFIRMED.

*Ward & Collins* for appellant.

*Arthur L. Oliver* for respondents.

BROWN, C.—This suit was instituted in Pemiscot county, October 16, 1907, and taken by change of venue to Ste. Genevieve county where it was tried, resulting in a judgment for the defendants. The first count of the petition, upon which the questions in this court are raised, is as follows:

"Plaintiff for its cause of action states that it is the owner and claims title to the following described real estate, lying, being and situated in the county of Pemiscot and State of Missouri, to-wit: The north half of the northeast quarter; the southeast quarter of the northeast quarter; the north half of the northwest quarter; the west half of the southwest quarter; and the southeast quarter; all in section sixteen, township seventeen north of range thirteen east; plaintiff further states that the real estate aforesaid is in the possession of the defendants; that said defendants claim some title, estate or interest in and to said premises, the exact nature and character of which claim is unknown to the plaintiff, and cannot be described herein, except that said claim is adverse and prejudicial to this plaintiff, wherefore, the premises considered, the plaintiff prays the court to try, ascertain and determine the estate, title and interest of the plaintiff and defendants herein respectively, in and to the real estate aforesaid, and to define and adjudge by its judgment or decree the title, estate and interest of the parties plaintiff and defendants herein severally, in and to the aforementioned premises, according to the statute in such cases made and provided, and for the cost in this behalf expended."

A count in ejectment was added.

The answer pleaded the sale of the land for the use of the public schools of township seventeen north

of range thirteen east in Pemiscot county to one W. W. Hunter in 1858, and full payment by him, and that the Civil War supervening, the patent was lost if made; and that in 1873 the same land was sold to defendant John Bader for taxes of 1872; that a tax deed thereon was duly issued in 1875, and that Bader had paid all the taxes on the land since that time and had made valuable and lasting improvements.

At the trial the plaintiff introduced in evidence the following certificate of purchase:

"State of Missouri, County of Pemiscot, ss.

"I, Charles R. Pierce, sheriff of said county, do hereby certify that, in pursuance of an order of the county court of said county, made and entered of record in the said court, at the May term thereof, 1907, directing the sheriff of said county to sell according to law, certain school lands belonging to congressional township No. 17, range 13, situated in said county, and hereinafter described, a copy of which order, duly certified by the clerk of said court, was to me delivered, I, the said sheriff, having previously to the day of sale, hereinafter mentioned, given at least sixty days' notice of the time and place of sale, and of the school lands to be sold, and where situated, as the law directs, by advertisement in the "Twice-a-Week Democrat," a newspaper published in my said county, by virtue of said order of sale and notice did, on the 12th day of June, A. D. 1907, between the hours of nine o'clock in the forenoon and five o'clock in the afternoon of that day, agreeable to said notice, at the courthouse door in the city of Caruthersville, in my said county of Pemiscot and during the session of the circuit court of my said county at the June term thereof, A. D. 1907, expose to sale at public auction, according to law, the school lands in said order of sale described as follows: Four hundred and forty acres being the north half of the northwest quarter; the west half of the southwest quarter; the northwest quarter of the

northeast quarter; the east half of the northeast quarter and the southeast quarter of section 16, in township 17 north, of range 13 east; and Pemiscot County Abstract and Investment Company being the highest and best bidder for said real estate, at the price and sum of . . . dollars per acre, amounting in all to the sum of eleven thousand dollars, the same was stricken and sold to the said Pemiscot County Abstract and Investment Company for that sum, payable one year after the date of said sale; and the said Pemiscot County Abstract and Investment Company, as security for the payment of the purchase money due for said school lands, has executed to congressional township No. 17, range 13, his bond, dated August 26, 1907, with L. L. Collins and Chas. W. Shields as securities, whereby they undertake to pay, one year after the date thereof, the said sum of eleven thousand dollars, with interest thereon at the rate of ten per cent per annum from the date of said bond until paid, which said bond has by me been duly filed in the office of the clerk of the county court of said county; and this certificate, after full payment shall have been made, shall entitle the said purchaser to a patent for the lands purchased as hereinbefore set forth.

"Witness my hand as Sheriff of Pemiscot County, Missouri.

'CHARLES R. PIERCE, Sheriff.''

The defendants thereupon introduced a certified copy of the bond given for the purchase price at the sale mentioned in the certificate, which is as follows:

"Twelve months after date, we or either of us promise to pay to the county of Pemiscot, in the State of Missouri, for the use and benefit of the capital fund of school township No. 17, range 13 east, of said county, the sum of eleven thousand dollars, for value received, with interest from date, at the rate of eight per cent per annum and all interest not punctually

paid shall become as principal and bear the same rate of interest. This bond being for the purchase money for the following described school land, to-wit.: The north half of the northeast quarter; the southeast quarter of the northeast quarter; the north half of the northwest quarter; the west half of the southwest quarter; and the southeast quarter; all of section 16, in township 17 north, of range 13 east. It is hereby agreed and understood that should the title to this land fail, or be adjudged not in Pemiscot county, or the purchasers at the school fund sale, or the principal in this bond, then this bond is void, and no suit shall be brought hereon nor shall any signer hereof be liable, nor shall any interest be chargeable to the makers hereof.

"Sold by an order of the Pemiscot County Court on the 12th day of June, 1907. A lien is hereby created against said above described land in favor of said county for the use and benefit aforesaid, for the full amount of said purchase money and interest.

"Given under our hands and seals, this the 26th day of August, 1907.

"Pemiscot County Abstract & Investment Co.,

"CHAS. W. SHIELDS,

"L. L. COLLINS."

They also introduced testimony for the purpose of proving the affirmative defense stated in the answer.

The court found that the "plaintiff has no right, title, estate or interest, in any quantity or quality whatever, in, and that it is not the owner of, the real estate described in plaintiff's petition." It therefore dismissed both counts of the petition.

The first question to be considered is whether the plaintiff, by its purchase at the sheriff's sale of the land in question acquired any interest as against the State and its beneficiaries under the Act of Congress of March 6, 1820; for if it did not, the

Order to Sell
School Lands:
Prior Petition
Jurisdictional.

proper parties are not now before the court to enable us to pronounce an effective judgment upon the other questions raised with reference to this title. By section 6 of the act in question the Congress proposed, and the people of the State of Missouri duly accepted the proposition, "that section numbered sixteen in every township . . . shall be granted to the State for the use of the inhabitants of such township, for the use of schools." [3 Stat. at Large, 547.] While the title was thus placed in the State the beneficial owners were the people of the township. Acting upon this theory the Legislature (R. S. 1899, sec. 8161), while it gave the county court the power to direct the sale of these lands, required, as a condition precedent to its exercise, a petition from the beneficial owners, the people of the township. In making the order the county court exercises no judicial function. The statute requires that, upon the prescribed petition from the beneficial owners, it *shall* make the order. That this petition is jurisdictional has been consistently held by this court. No right can be acquired through the sale without it, and without independent proof of its existence the purchaser cannot entitle himself to the patent which is to invest him with the legal title. [Doddridge v. Patterson, 222 Mo. 146; McDonald v. Mangold, 61 Mo. App. 291; affirmed Eaton v. St. Charles County, 76 Mo. 492; Bonsor v. Madison Co., 204 Mo. 84.] This exact question having been before this court in Doddridge v. Patterson, supra, so late as the April term, 1909, and having been decided as above indicated, following the other cases cited, it can not be treated as one of first impression.

For the reasons stated the judgment of the Ste. Genevieve Circuit Court is affirmed.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.