## WISE v. HOGAN.*

### No. 11,147; June 20, 1888.

#### 18 Pac. 784.

Pleading—Uncertainty.—A Complaint Alleging That Defendant's Intestate was indebted to plaintiff's intestate in the sum of five thousand dollars, for legal services rendered by plaintiff's intestate in prosecuting and defending numerous suits, drawing various instruments, consulting and advising with defendant's intestate about his business, at his request, which services are alleged to have been rendered between January 1, 1870, and October 11, 1883, is demurrable for uncertainty in not specifying the various items and the times of the rendition of such services.

APPEAL from Superior Court, Alameda County; N. Hamilton, Judge.

Action by John H. Wise, administrator of Tully R. Wise, deceased, against J. T. Hogan, administrator of Edmond

---

*For subsequent opinion in bank, see 77 Cal. 184, 19 Pac. 278.

Hogan, deceased, to recover for legal services rendered by plaintiff's intestate for defendant's intestate. Judgment for defendant on demurrer, and plaintiff appealed.

A. Heynemann for appellant; Henry Vrooman and J. C. Martin for respondent.

FOOTE, C.—This is an action brought to recover a sum of money for the alleged services, as an attorney at law, rendered by the plaintiff's intestate to the defendant's intestate. The complaint was demurred to, and the demurrer sustained. Thereupon, the plaintiff declining to amend his pleading, judgment was given in favor of the defendant, from which this appeal is prosecuted.

The fourth clause of the complaint stating the cause of action is as follows: "Plaintiff further alleges that said Edmond Hogan, deceased, was indebted to Tully R. Wise, deceased, on an account for services rendered by said Tully R. Wise, as attorney and counselor at law, in the sum of five thousand dollars, as such attorney and counselor at law of the said Edmond Hogan, deceased; said services were rendered between the first day of January, 1870, and the eleventh day of October, 1883; that said services consisted in prosecuting and defending numerous suits at law and equity as such attorney at law, at the request of the said Edmond Hogan, deceased; in drawing many and various instruments, and in consulting and advising said Edmond Hogan, deceased; for constant attendance in and about the business of said Edmond Hogan, deceased, at his request; that the said Edmond Hogan, deceased, has not paid the same, nor any part thereof." The second ground of the demurrer reads thus: Second. "That the said amended complaint is ambiguous and uncertain, more particularly specified in this: That it does not definitely, or with any certainty, appear therefrom what suits at law and equity were prosecuted or defended by the intestate, Tully R. Wise, deceased, or in what courts, or at what dates or times, said suits were prosecuted or defended, and it does not definitely or with any certainty appear therefrom what instruments were drawn by the said intestate, or as to what matters or upon what subjects consulting and advising were done by the said intestate, or at what times or dates said in-

struments were drawn, or said consultings and advisings had; and it does not definitely or with any certainty appear therefrom about what business of the said Edmond Hogan, deceased, the said intestate was in constant attendance; and it does not definitely or with any certainty appear therefrom what part, if any, of the said services charged in the complaint to have been rendered, or of the said indebtedness charged in the said complaint to have been incurred, was rendered or was incurred within the limit of the statute of limitations of the state of California, or within two years prior to the death of the said Edmond Hogan, deceased.'' We are satisfied that the demurrer was well taken, and advise that the judgment be affirmed.

We concur: Belcher, C. C.; Hayne, C.

Per CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.