## NANCE v. GEORGIA &c. RAILWAY COMPANY.

1. CAUSE OF ACTION.—A complaint alleged plaintiff's ownership and possession of a stated number of cross-ties, at or near defendant's right of way, and their value ; that defendant was a corporation, and unlawfully took possession of these cross-ties and converted them to its own use, to plaintiff's damage, &c. *Held,* that the complaint alleged a legal right of plaintiff and its invasion by defendant, and therefore stated facts sufficient to constitute a cause of action.

2. "UNLAWFULLY"—CONCLUSION OF LAW—CASES CRITICISED.—The use of the word "unlawfully" does not state a mere conclusion of law in a case like this, and, indeed, might be rejected as surplusage without affecting the plaintiff's statement of his cause of action. This case distinguished from cases growing out of an allegation of entry by a railroad company on lands of another to obtain a right of way.

Before HUDSON, J., Laurens, September, 1891.

This was an action by Thomas Nance against the Georgia,

Carolina & Northern Railway Company, commenced in January, 1891. The opinion states the case.

*Mr. L. W. Perrin*, for appellant.

*Mr. F. P. McGowan*, contra.

February 17, 1892. The opinion of the court was delivered by

Mr. Justice Pope. The complaint in this action is as follows: "The complaint of the above named plaintiff respectfully shows to this court: I. That the defendant, the Georgia, Carolina & Northern Railway Company, is, and was at the time hereinafter stated, a body politic and corporate under the laws of this State, and is competent to sue and be sued in the courts of this State. II. That on or about August 15, 1890, the plaintiff was the owner and lawfully possessed of one hundred and five railroad cross ties at or near the right of way of defendant at Mountville, South Carolina. III. That said cross-ties were reasonably worth the sum of twenty five cents a piece, aggregating in value the sum of twenty-six dollars and twenty-five cents. IV. That on or about August 15, 1890, the defendant unlawfully took possession of the said cross ties, the property of the plaintiff, and converted them to its own use, to the plaintiff's damage twenty-six dollars and twenty-five cents. Wherefore the plaintiff demands judgment against the defendant for the sum of twenty-six dollars and twenty-five cents, and for the costs of this action."

At the September term, 1891, of the Court of Common Pleas for Laurens County, before Judge Hudson, on the complaint being read, the defendant interposed an oral demurrer, and moved the court to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Circuit Judge overruled the demurrer and dismissed the motion. The order therefor was dated 30th September, 1891. From this order of the Circuit Judge, the defendant has appealed to this court, asking its reversal upon the following ground: "That defendant excepts to and appeals from the order or ruling of his honor, J. H. Hudson, overruling defendant's motion to dismiss plaintiff's

complaint herein, for that the complaint does not state facts sufficient to constitute a cause of action."

We will now consider this appeal. Our Code, section 163, subdivision 2, provides, "A complaint shall contain a plain and concise statement of facts constituting a cause of action without unnecessary repetition." The appellant here contends that plaintiff's complaint failed to state facts sufficient to constitute a cause of action. This court, in construing this section of the Code, has defined a cause of action, "Thus, generally, it may be said that *a cause of action* exists where the legal rights of one party has been invaded by another." *Chalmers* v. *Glenn*, 18 S. C., 471. In the same case it is said: "It follows, therefore, that he must allege in his complaint all the facts showing his right, and also those showing its invasion by the defendant; and the facts thus alleged must in law upon their face, on the one side, entitle him to the right which he claims, and on the other amount to an invasion by the defendant."

Now, applying this adjudicated construction of this section of the Code to the case at bar, what do we find? The plaintiff was the owner, on the 15th of August, 1890, of certain cross-ties, of the value of twenty-six dollars and twenty-five cents, at or near the right of way of the defendant at Mountville, in this State. Now, by the allegations of the complaint, this was the right of the plaintiff. The complaint in its allegations charges that the defendant unlawfully took possession of such property and converted it to its own use, to his damage (the alleged value of the property) twenty-six dollars and twenty-five cents. All these allegations of fact must be taken as true. How can the conclusion be resisted, that, by the strictest tests, here is made evident a plain invasion by this defendant of plaintiff's rights?

But the appellant lays great stress upon the use in the complaint of the word "unlawfully," asking this court, because of the use of such a word, to declare that the allegation of which the word "unlawfully" is a part is thereby made the allegation of a conclusion of law and not a statement of fact, and refers to the cases decided by this court of *Tutt* v. *Railway Company*, 28 S. C., 396; *Tompkins* v. *Railroad Company*, 33 *Id.*, 217; and *Wallace* v. *R. R. Co.*, 34 *Id.*, 62, as in

support of such theory. It is true that this court did hold, in each of the three cases cited, that the complaint was defective because it depended, so far as the support of a cause of action in each was concerned, upon allegations of conclusions of law. In the first case cited, the complaint contained allegations of unlawful entry and unlawfully holding of the lands of the plaintiff by the railroad company defendant, without any recital of any facts showing how the entry or holding was unlawful, and inasmuch as the statutes of this State, which provide for obtaining the right of way through the lands of the owners, both with and without their consent, under certain well defined regulations, carefully guard the remedy for a failure on the part of such railroads to observe the rights of owners of the lands through or over which they obtain a road-bed, this court felt called upon to insist that the use of the words unlawful or unlawfully, as allegations in the complaint, should be given their true meaning as conclusions of law where nakedly pleaded; but the court was careful to say, "An act which may, or may not, be right and lawful, *according to the circumstances under which it may be done,* is not properly averred to be unjust or unlawful by merely calling it so." So the other cases were against railroads; that of Tompkins was in regard to right of way over the lands of another, and that of Wallace for constructing a dam in connection with track over the lands of another. But the case at bar is an entirely distinct action from the three cases we have just referred to. It has no reference to statutory rights of the defendant in connection with the property of the plaintiff; on the contrary, it belongs to that class of cases where railroads have no other or different rights than those exercised by natural persons. The use of the word unlawful in such cases has long been sanctioned. But even if this were not so, we are not prepared to say that the word "unlawfully," as used in the complaint at bar, is not surplusage. Indeed, it so seems to us. We must, therefore, overrule this exception.

The judgment of this court is, that the order of the Circuit Court appealed from be sustained, and that the appeal therefrom be dismissed.