## MARY F. DUGGAN *vs.* ANSEL WRIGHT.

Hampshire.    September 20, 1892. — October 20, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trover — Declaration — Evidence — Mortgage — Attaching Officer — Demand — Husband and Wife — Agency.*

A declaration in trover, for the conversion, by an attaching officer, of certain articles named, " the property of the plaintiff," is supported by proof of a mortgage title in the plaintiff; and evidence of a written demand, under the Pub. Sts. c. 161, §§ 74, 75, by the plaintiff upon the officer, is admissible under such declaration.

It is no objection to a written demand, under the Pub. Sts. c. 161, §§ 74, 75, by the mortgagee of attached property, that it is addressed merely to the attaching officer by name, without designating him as such officer.

In an action for the conversion of personal property, no exception lies to the exclusion of evidence of the value of the property several months after the alleged conversion, or of evidence as to whether, under a supposed state of facts, there would have been any change in its value during that interval; it not appearing that there was any lack of evidence of its value at the time of the conversion.

The money of a married woman does not become the property of her husband merely by his possession of it as her agent.

A married woman holding a valid mortgage of her husband's personal property may pursue the remedy given by the Pub. Sts. c. 161, §§ 74 *et seq.*, against an officer who attaches the property on a writ against the husband.

TORT. The declaration was as follows: " And the plaintiff says that the defendant has converted to his own use one meat cart, one spring wagon, one meat box-sleigh, the property of the plaintiff." The defendant, a deputy sheriff, justified under a writ against the husband of the plaintiff, upon which he attached the property. Trial in the Superior Court, before *Dewey, J.,* who allowed a bill of exceptions in substance as follows.

The plaintiff claimed the property by virtue of an assignment of a mortgage, which mortgage had been given by her husband to one Burke before her marriage, and by Burke assigned to her after her marriage. After the attachment, and before execution, a notice was served on the defendant to pay the amount due on the mortgage, but the defendant did not so pay, but subsequently sold the property in dispute, to satisfy the execution issued on the judgment against the husband of the plaintiff.

The plaintiff offered the mortgage, the assignment, and the mortgage note in evidence. The defendant objected to their admission, on the ground that the declaration did not set forth the fact that the plaintiff claimed the property as assignee of a mortgage, but the judge admitted the evidence; and the defendant excepted. The plaintiff also offered in evidence the notice served on the defendant. The defendant objected to its admission, on the ground that the declaration did not set out the fact that a notice had been given, and also that the notice itself was defective and insufficient in not being directed to the officer, but the judge admitted it; and the defendant excepted. The notice, which was dated January 15, 1891, and signed by the plaintiff, was as follows: " Ansel Wright, Esq. Sir, — I hereby demand of you two hundred dollars, with interest at six per cent from Feb. 5th, 1890, deducting from said interest the sum of $7, which $200 and balance of interest is the amount due to me as assignee of a mortgage made by Jas. P. Duggan, and delivered to Thomas E. Burke, and duly assigned to me by said Burke, which mortgage is dated Feb. 5th, 1890, and recorded with Northampton city records of mortgages, in Book 4, page 121, and the assignment is dated July 7th, 1890, and recorded in Book 4 at page 122 of said records, which mortgage covers the property, and one meat cart, spring wagon, and box sleigh, now held by you on attachment, as the property of said Jas. P. Duggan."

The defendant testified that he had made no objection to the notice until the trial, and he had requested the attorney of the plaintiff not to bring a suit against him until after the plaintiffs in the action against the husband of the plaintiff in this case would say whether or not they would give the defendant a bond of indemnity; that if said plaintiffs would not give such bond, he would surrender the property to the plaintiff in this action, and the attorney did wait; and that his attorney informed him, when he received the notice, that it was a defective notice, but the defendant did not make this known to the plaintiff or her attorney.

The plaintiff introduced evidence that, on April 8, 1889, James P. Duggan, the husband of the plaintiff, borrowed $300 of Mary Clair, the mother of the plaintiff, and had paid no part of it until June 13, 1890, when he received $500 from the trus-

tees of the Smith Charities, under whose rules he had been apprenticed.

A check of $200 was a part of the $500, and was indorsed in blank by James P. Duggan and delivered to Mary Clair in part payment of the $300, and it was kept by her in her own possession until the marriage of the plaintiff to Duggan, on June 24, 1890, when Mary Clair gave the check to the plaintiff as a marriage gift. After the marriage the mortgagee pressed for payment of the mortgage debt, and the plaintiff, having kept the check in her own possession since it was given to her, handed it to her husband with instructions to deliver it to her attorney for the purpose of paying the mortgage debt, and having the mortgage assigned to her. The husband took the check, gave it to the attorney, who paid it to the mortgagee, and the mortgage was thereupon assigned to the plaintiff.

The defendant offered the evidence of David J. Wright, a dealer in wagons, admitted by the plaintiff to be an expert, who at one time had owned the meat cart and spring wagon. Wright had examined the meat cart, spring wagon, and sleigh in October following the attachment, but there was no evidence or offer of evidence, except as appears in the questions to the witness Wright, as to how the property had been kept or used in the mean time. He was then asked what, in his judgment, was the value of the articles when they were taken by the defendant, but the plaintiff objected; and the judge excluded the evidence.

The witness was then asked: " Suppose the property from Feb. 23, 1891, up to October of the same year you saw it, had not been used, and had been kept under cover, would there have been any change in the value of the property during that time?" The plaintiff objected to this question on the ground that the property was not kept under cover, but, on the contrary, had been kept exposed to weather and storm from the time of its attachment until late in the spring.

The defendant stated that he was prepared to show that the property had been kept under cover, and not used, from the time of the attachment until the time the witness Wright saw it. The judge excluded the question; and the defendant excepted.

The defendant asked the judge to rule as follows:

" 1. If the husband took the money himself and paid it to the mortgagee through his attorney, the payment operated as a payment by the husband of his own debt, and the wife cannot recover in this action.

" 2. The plaintiff, being the wife of James P. Duggan, and the assignee of the mortgage given by James P. Duggan, cannot maintain this action.

" 3. If the check was indorsed in blank by the payee, it passed to the husband on delivery to him, and his paying it to his mortgagee through his attorney operated as payment of the debt of the husband."

The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. A. Wainwright*, for the defendant.

*J. B. O'Donnell*, for the plaintiff.

BARKER, J.   1. The declaration was in the form prescribed by the Pub. Sts. c. 167, § 94, for trover, and is sufficient to allow proof of all the facts necessary to maintain an action of that nature. The allegation that the defendant has converted the plaintiff's property to his own use is not an allegation of a conclusion of law, but of a fact which may be described as composite, and it allows evidence to be introduced of all such unjustified dealing with the property named as may tend to show a wrongful taking and disposal of it to the prejudice of the plaintiff's rights. *Wells* v. *Connable*, 138 Mass. 513. The allegation that the property converted was the property of the plaintiff is not an averment that the plaintiff was the absolute owner, but makes admissible any evidence showing that the plaintiff stood in such a relation to the property that she has a right to maintain the action. The remedy has long been the usual one employed by mortgagees of personalty, and cannot be defeated by technical objections such as are urged by the defendant. *Alden* v. *Lincoln*, 13 Met. 204. *Robinson* v. *Sprague*, 125 Mass. 582. The proof of a written demand was evidence of a subsidiary fact showing conversion, and, under the construction given to the statute form of declaration in trover by the uniform practice of the courts, was properly admitted. The proof of a mortgage title in the

plaintiff supported the allegation that the articles converted were her property, and was not a variance.

2. The written demand upon the defendant was sufficient. The objection urged is merely that it was addressed to " Ansel Wright, Esq.," and did not designate him as a deputy sheriff. The statute requires no designation of the attaching officer, but merely that the demand shall be delivered to the attaching creditor, or to the officer. Pub. Sts. c. 161, §§ 74, 75.

3. It was clearly within the discretion of the presiding justice to exclude evidence of the value of the property .ten months after the alleged conversion; and therefore he might properly decline to receive evidence of the opinion of a witness as to whether, under a supposed state of facts, there would have been any change in its value during that interval. It does not appear that there was any lack of evidence as to its value at the time of conversion, and.to have allowed the question would have introduced a purely collateral issue.

4. The first and third rulings requested by the defendant are based upon a misconception of the law. They proceed upon the theory that money of the wife which passes into the hands of the husband, even as her agent, becomes *ipso facto* the property of the husband, without regard to justice or the intentions of the parties. The doctrine that a husband may be the agent of his wife is too familiar to need the citation of authorities; and the law does not compel a husband to deprive the wife of her own money, if it comes to his hands as her agent, nor does such possession of her property by him change its ownership.

5. We see no reason why a wife, who has become the owner of a valid mortgage upon the personal property of her husband, may not pursue the remedy given by statute against an officer who attaches the property on a writ against her husband. She is in no sense a party to that suit, or to any suit or proceeding against her husband. There is in the statute no exception which prevents her from enforcing against third persons her rights as mortgagee. By the statute she can receive, hold, and manage personal property in the same manner as if sole. Pub. Sts. c. 147, § 1. Nor is her property liable to be taken on execution against him, except under circumstances not material to the present case. Pub. Sts. c. 147, §§ 8, 11.

*Exceptions overruled.*