W. J. CORDILL v. MINNESOTA ELEVATOR COMPANY.[1]

June 5, 1903.

Nos. 13,381—(46).

Trover—Pleading.
    It is not necessary in an action in trover or conversion to allege in the complaint that the property was "wrongfully" or "unlawfully" converted. The allegation that it was "converted" implies a wrongful act.

Rulings on Unimportant Matters.
    Counsel will not be encouraged by this court in stubborn efforts through an appeal to demonstrate to the trial court that a ruling made by it upon some trifling and unimportant question of pleading or practice was erroneous. Rulings of that court should be conformed to by proper amendments, where such are permissible.

Appeal by plaintiff from an order of the district court for Faribault county, Quinn, J., denying a motion for a new trial. Reversed.

*E. Babcock*, for appellant.

*H. L. Bullis* and *Putnam & Nicholsen*, for respondent.

BROWN, J.

The only question involved in this action—one to recover for the conversion of certain wheat—is whether the complaint states a cause of action. It was held defective on the trial below, the

[1] Reported in 95 N. W. 306.

action was dismissed, and plaintiff appealed from an order denying a new trial.

The complaint alleges, in substance, that on August 10, 1901, plaintiff was the owner and entitled to the possession of one hundred forty-six bushels of wheat of the value of $84; and that at the time stated defendant converted the same to its own use, to the damage of plaintiff in the sum of $84. The specific objection to the complaint is that it does not allege that the act of defendant in converting the wheat was wrongful or unlawful. The allegation is that defendant "converted the wheat to its own use," without the usual charge that it was wrongful or unlawful.

We think the complaint sufficient. The words "converted" and "conversion" have a well-defined meaning in the law, and when used in connection with the taking and appropriation of personal property of another imply a wrongful or unlawful act. While in all the forms of pleadings in actions in trover and the conversion given in the books and in the works on pleading the words "wrongful" and "unlawful" are employed in stating the cause of action, we do not think they are necessary to a good pleading. Where the precise question has been presented for decision, courts have held a complaint substantially as here drawn sufficient. Reish v. Reynolds, 68 Ind. 561; McDonald v. Mangold, 61 Mo. App. 291; 21 Enc. Pl. & Pr. 1075, and cases cited. The decisions are based upon the theory that, to charge a person with converting personal property belonging to another is to charge him by implication of law with a wrongful act.

The objection to the complaint is extremely technical, and, had application to amend been made to the trial court, it would have been promptly granted. Indeed, the learned trial judge all but suggested that counsel for plaintiff make such application. Instead of doing so, however, he announced to the court his determination to stand upon the complaint as drawn. This court will not encourage counsel in their stubborn efforts to demonstrate to the trial court the correctness of positions assumed by them in such trifling and unimportant matters as that here presented. They should conform to rulings of the court, so far as their duty to their client will permit; and rulings on informal matters of

pleading or practice should be remedied by amendment, and not by appeal to this court. Trial courts are often on the trial of actions confronted with unimportant questions of pleading, where no opportunity is had for the examination of authorities, and rulings must be made on the moment; and it is not at all surprising that they sometimes err. If counsel are to be encouraged in their efforts to demonstrate such error by appeal to this court, the merits of controversies will be lost sight of, immaterial matters magnified, and litigation unnecessarily prolonged. Where formal amendments will cure the alleged defect and obviate such delays, they should be applied for and made. Counsel for plaintiff should have asked leave to amend his complaint in this case, which would have been granted, and this appeal avoided. This he failed to do. For these reasons no statutory costs will be allowed appellant in this court.

Order reversed.