BENA TOWNSITE COMPANY v. A. D. SAUVE and Another.[1]

June 19, 1908.

Nos. 15,633—(129).

**Demurrer.**

 A general demurrer admits the truth of the facts alleged in the pleading to which it is interposed, and also all necessary legal inferences arising from the facts so pleaded.

**Complaint in Ejectment.**

 An allegation in a complaint in ejectment that plaintiff is the owner in fee of the property sought to be recovered carries with it by inference an immediate right of possession, and the latter fact need not be expressly averred. The demurrer admits it as a conclusion necessarily resulting from the ownership.

**Same.**

 Nor is it necessary in such an action to allege that defendant's possession is wrongful and unlawful. The general allegation that he withholds

[1] Reported in 116 N. W. 947.

possession from plaintiff, the pleading showing a right of possession in the latter, is sufficient to require defendant to show his right, if any he has.

**Same.**

Complaint in ejectment, *held* sufficient.

Action in ejectment in the district court for Cass county. From an order, McClenahan, J., overruling defendants' demurrer to the complaint, they appealed. Affirmed.

*Fred W. Smith*, for appellants.

*Daniel De Lury*, for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint. The action is in ejectment, and the complaint contains the following allegations: (1) That plaintiff is a corporation; (2) "that plaintiff is the owner in fee of the following described real estate, situated in Cass county, Minnesota, to wit; * * * (3) that defendants are in possession thereof, and withhold the same from plaintiff. Wherefore plaintiff demands judgment," etc.

The objection made to the complaint is that it contains no allegation either that plaintiff is "entitled to the possession" of the property or that defendants "wrongfully or unlawfully" withhold the same. The absence of these allegations is not fatal to the complaint.

The allegation that the plaintiff is the owner in fee carries with it an inference or presumption that he is entitled to the possession of the property, and this inference, as well as the allegation of ownership, is admitted by the demurrer. Baker v. Northwestern Guaranty Loan Co., 36 Minn. 185, 30 N. W. 464. Or, as expressed by the supreme court of Vermont, a demurrer admits the whole of the pleading to which it is interposed "according to its legal effect." Hyde v. Moffat, 16 Vt. 271. It follows, therefore, that as against the demurrer the complaint in this action shows an immediate right of possession in plaintiff, and the burden is upon defendants affirmatively to sustain their right to withhold it. Payne v. Treadwell, 16 Cal. 221. The complaint was evidently taken from the form given by Dunnell in his work on Minnesota Pleading, the sufficiency of which is sustained by the authorities there cited. Dunnell, Pl. § 857. See also

Cordill v. Minnesota Ele. Co., 89 Minn. 442, 95 N. W. 306, and 2 Estee, Pl. (4th Ed.) 2182. The fact that the demurrer in effect admits plaintiff's right of possession relieves the case from conflicting presumptions, such as were before the court in Coffman v. Christenson, 102 Minn. 460, 113 N. W. 1064, and renders defendants' possession prima facie wrongful.

Order affirmed.