[Civ. No. 6418. First Appellate District, Division One.—December 10, 1929.]

C. S. BAIRD, Appellant, v. JOSEPH C. OLSHESKI, Respondent.

Clarence E. Todd for Appellant.

Otto G. Kuklinski and Jack Seaman for Respondent.

THE COURT.—A demurrer by respondent to the second amended complaint filed in the above action was sustained with leave to amend. The plaintiff having failed to amend, a judgment, from which he has appealed, was entered against him.

The suit was for the conversion of certain corporate stock. The complaint set up three causes of action, to each of which a demurrer, both general and special, was interposed. The first cause of action alleged that plaintiff, on November 25, 1925, was the owner and lawfully possessed of stock and "that on or about said last mentioned date the defendants unlawfully took and carried away said stock and have converted and disposed of the same to their own use to the damage of plaintiff in the sum of $1,000. . . . ''

As the special ground of demurrer to this cause of action it was alleged that it could not be ascertained therefrom "in what respects defendant unlawfully took or carried away the said stock or converted and disposed of the same." As stated by respondent, the words "wrongfully" and "unlawfully," when used in connection with issuable facts, are surplusage (21 Cal. Jur. (Pleading), sec. 16, p. 32), and it is not sufficient in an action for conversion to allege merely that the defendant unlawfully took the property (*Triscony* v. *Orr*, 49 Cal. 612). As held in *Hutchings* v. *Castle*, 48 Cal. 152, no particular form of words is essential in averring a conversion, provided the fact of the conversion is sufficiently stated, and it is unnecessary to set forth in what way or by what means the conversion was accomplished (*Daggett* v. *Gray*, 110 Cal. 169 [42 Pac. 568]; 25 Standard Encyclopedia of Procedure (Trover and Conversion), pp. 38, 39), or to allege that the property was wrongfully or unlawfully converted, since the allegation that it was converted, which is a conclusion of fact (31 Cyc. (Pleading), p. 54; *Duggan* v. *Wright*, 157 Mass. 228 [32 N. E. 159]; *Wells* v. *Connable*, 138 Mass. 513), implies a wrongful act (*Reish* v. *Reynolds*, 68 Ind. 561; *Cordill* v. *Minnesota Elevator Co.*, 89 Minn. 442 [95 N. W. 306]; *Nance* v. *Georgia C. & N. Ry. Co.*, 35 S. C. 307 [14 S. E. 629]; *McCarthy* v. *Heiselman*, 140 App. Div. 240 [125 N. Y. Supp. 13]; *Barnett etc. Co.* v. *Jarrett*, 133 Ark. 173 [202 S. W. 474]; *Hooser* v. *G. M. Carlton etc. Co.*, (Tex-Civ. App.) 288 S. W. 1095).

The rule appears to be well settled that if plaintiff's ownership of the property is properly alleged and there is an averment that the defendant converted the same, a cause of action is sufficiently stated (26 Ruling Case Law (Trover), sec. 39, pp. 1129, 1130). Respondent contends that while a pleading containing the above allegations is sufficient as against a general demurrer, such is not the rule when a special demurrer is filed. Intimations to that effect appear in *Daggett* v. *Gray, supra,* and *Florence* v. *Helms*, 136 Cal. 613 [69 Pac. 429], but an examination of these cases shows that the excerpts quoted by counsel were in each case unnecessary to the decision. Moreover, the special demurrer in the present case was not directed to a material allegation

of the complaint, but to the allegation that the taking was unlawful, which, as stated, was surplusage.

■ As a second cause of action it was averred that appellant pledged the above stock, which was of the value of $1,000, to respondent to secure the payment to him of $500 with interest; that respondent, without the knowledge or consent of appellant, thereafter surrendered the possession of the stock to one Crapuchettes, who at no time had an interest in the loan or the pledge agreement mentioned, and thereby placed the property beyond his power to redeliver upon the payment of the loan; that the amount of the loan, with interest, was thereafter paid to respondent and demand made upon him for the return of the stock, which was refused, to the damage of plaintiff in the sum of $1,000. The demurrer to the above was both general and special, the latter grounds being as follows: ''That it cannot be ascertained . . . in what respects the alleged delivery or surrender of the possession and custody of the pledge was unlawful or damaged plaintiff; that it does not appear in said alleged cause of action when the plaintiff paid defendant the amount of said loan or interest, or when he demanded the return of said pledge; whether plaintiff claims that he offered to pay or paid defendant before the alleged surrender of the possession and custody of said pledge by defendant to said Leon P. Crapuchettes.''

The surrender of the pledge to Crapuchettes was not alleged to have been unlawful, nor was it the foundation of appellant's claim for damages. It was not material to a statement of his cause of action, the gravamen of which was the alleged failure of respondent to return the pledge upon demand after the payment of the loan with interest. The allegation was but a matter of inducement and might have been omitted without impairing the sufficiency of the pleading. Consequently it was not subject to a demurrer for uncertainty, but to a motion to strike. (*Kraner* v. *Halsey,* 82 Cal. 209 [22 Pac. 1137]; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429 [34 Pac. 1089].)

■ We find no merit in the further objection that the complaint failed to allege with certainty or at all whether payment was made or offered before or after the surrender of the stock to Crapuchettes, the fact of the surrender not being material, but the alleged payment and demand and

the dates when the same were claimed to have been made were material facts and the time of the occurrence of such facts must be stated with certainty; otherwise a complaint is demurrable (*Wise* v. *Hogan Co.*, 2 Cal. Unrep. 893 [18 Pac. 784]; *Kraner* v. *Halsey, supra; Williamson* v. *Joyce*, 137 Cal. 151 [69 Pac. 980]; 21 Cal. Jur. (Pleading), sec. 23, p. 42). For the above reasons the demurrer to the second cause of action was properly sustained.

As a third cause of action it was alleged that the stock of the above value was pledged to defendant to secure a loan of $500 evidenced by a promissory note; that as part of the contract and for the same consideration it was agreed that defendant should take no action to recover the debt before a sale of the pledge, after such actual notice to plaintiff of the time and place of sale as would be reasonably sufficient to enable him to attend. The defendant, contrary to the agreement, brought suit on the note, secured a judgment by default, and thereafter "without notice to plaintiff as provided by law or otherwise and without the knowledge of plaintiff" caused execution to be levied and the stock sold. It was further alleged that defendant purchased the same at the execution sale; that the amount of the loan and the judgment were thereafter paid by the plaintiff, and a demand made for the return of the stock, which was refused, all to his damage in the above amount. That the parties might stipulate as to the notice to be given before a sale of the pledge, such agreement not being fraudulent or against statute or public policy, is well settled (*Hunter* v. *Hamilton*, 52 Kan. 195 [34 Pac. 782]; *Dunbar* v. *Commercial Electrical etc. Co.*, 32 Okl. 634 [123 Pac. 417]; *Travelers' Ins. Co.* v. *Lazenby*, 16 Ala. App. 549 [80 South. 25, 28]; Jones on Pledges and Collateral Securities, 2d ed., sec. 730). The relation between them in such a case is in its nature a trust relation (*Hudgens* v. *Chamberlain*, 161 Cal. 710 [120 Pac. 422]); and if the sale as made by the pledgee is not authorized, the pledgor may regard it as a conversion and recover damages therefor (*Cushing* v. *Building Assn., etc.*, 165 Cal. 731 [134 Pac. 324]; 21 R. C. L. (Pledge), sec. 52, p. 692).

The special objections to the above pleadings were in substance that it could not be ascertained therefrom in what respect the levy of execution and the sale of the

stock was made "without notice to plaintiff as provided by law or otherwise"; whether the alleged agreement was in writing, or what additional consideration the defendant received therefor. The effect of the allegations of the complaint was that the plaintiff received no notice of sale and these allegations were not subject to a demurrer either for uncertainty or ambiguity. Whether the agreement was oral or written was a matter of evidence and not of pleading, and it was unnecessary to allege the fact (*Bradford Investment Co.* v. *Joost,* 117 Cal. 204 [48 Pac. 1083]; 12 Cal. Jur. (Statute of Frauds), sec. 107, p. 938); nor was an additional consideration for defendant's promise to give actual notice of the sale necessary, it being alleged that this promise was a part of the original agreement and supported by the same consideration.

While it is the rule, upon an appeal from a judgment rendered after refusal to amend a complaint to which a general and special demurrer has been sustained, to construe all ambiguities and uncertainties found in the pleading against the pleader, in the present case it is our conclusion that the first and third causes of action were not subject to demurrer on any of the grounds urged by the defendant, and that the demurrer thereto should have been overruled. The judgment is accordingly reversed, with directions to the trial court to overrule the demurrer to the first and third causes of action, and permit the defendant to answer the same within ten days after notice.