[Civ. No. 7846. First Appellate District, Division Two.—August 13, 1931.]

C. S. BAIRD, Appellant, v. JOSEPH C. OLSHESKI, Respondent.

Clarence E. Todd for Appellant.

Otto G. Kuklinski and Jack A. Seaman for Respondent.

SPENCE, J.—In this action for conversion of certain capital stock, judgment was entered in favor of defendant, from which judgment plaintiff appeals.

On the trial no evidence was offered by defendant. There is no dispute regarding the facts hereinafter set forth, which facts were proved either by the uncontradicted testimony introduced by plaintiff or by stipulation. Plaintiff borrowed the sum of $500 from defendant and as security for a promissory note in that amount delivered to defendant a certificate duly indorsed for 100 shares of the capital stock of Baird-Bailhache Company. The note bore the notation "100 shares Baird-Bailhache Co. stock attached". The stock was of the approximate value of $1,000. At the time of the transaction it was orally agreed by the parties that defendant would not sell the stock or take any action to recover the debt without notifying plaintiff. The note matured and defendant, without notice to plaintiff, commenced an action on the note and recovered judgment by default. No mention of the pledged property was made in this action. Thereafter, and without notice to and without the knowledge of plaintiff, defendant caused execution to be levied and said stock was sold. Defendant purchased the stock on the execution sale for the sum of $5. Thereafter the balance due on the judgment amounting to $531.15 was paid by plaintiff to defendant and a demand was made by plaintiff for the return of the stock, which was refused.

The present case was tried on plaintiff's second amended complaint. The sufficiency of that complaint was passed upon in *Baird* v. *Olsheski,* 102 Cal. App. 452 [283 Pac. 321], which decision has become . the law of the case. In our opinion, the undisputed facts proved upon the trial sustained the material allegations of that complaint. The trial court, however, apparently adopted respondent's contention that "the agreement alleged by plaintiff as to forbearance and special notice must be in writing". The findings were therefore against the execution of such an agreement and

against the existence of any violation of any alleged agreement.

■ Appellant contends that without regard to the oral agreement of the parties he was entitled to notice of time and place of the sale of the pledge and in our opinion this contention must be sustained. It is admitted that there was no waiver of notice and we may disregard the oral agreement and treat the case as one of an ordinary promissory note secured by pledged property. In such case the pledgor is entitled to notice of sale under section 3002 of the Civil Code, which provides: "A pledgee must give actual notice to the pledgor of the time and place at which the property pledged will be sold, at such a reasonable time before the sale as will enable the pledgor to attend." ■ In the absence of any agreement to the contrary, the pledgee is within his rights in bringing an independent action to collect the note, but the prosecution of such action to judgment does not extinguish the lien upon the pledged property nor does it terminate the existing relationship of pledgor and pledgee. (*Commercial Sav. Bank* v. *Hornberger,* 140 Cal. 16 [73 Pac. 625]; *French* v. *McCarthy,* 125 Cal. 508 [58 Pac. 154]; *Sonoma Valley Bank* v. *Hill,* 59 Cal. 107.) That relationship is in the nature of trust, *English* v. *Culley,* 85 Cal. App. 291 [259 Pac. 355]), and notwithstanding the judgment obtained upon the principal obligation, the rights and duties of the parties with respect to the pledged property remain the same. ■ The pledgee is still entitled to notice of time and place of sale under section 3002 of the Civil Code, and the sale of the pledged property without compliance with the requirements of the law constitutes a conversion (21 Cal. Jur. 343). In our opinion the mere fact that the pledgee went through the formalities of a sale under execution does not relieve him of his duty to give to the pledgor the notice required by that section.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.