[Civ. No. 12705. First Dist., Div. One. Feb. 9, 1945.]

AUGUSTA CORUM, Appellant, v. HARTFORD ACCI-
DENT AND INDEMNITY COMPANY (a Corpora-
tion), Respondent.

Alfred J. Hennessy for Appellant.

Jesse H. Steinhart and John J. Goldberg for Respondent.

WARD, J.—Plaintiff appeals from a judgment after order sustaining general and special demurrers to a second amended complaint without leave to amend. The complaint purports to set forth a cause of action upon a contract claimed to be within the code provisions that "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (Civ. Code, § 1559.)

The unverified complaint, signed by the attorney for the plaintiff, avers that "on a date unknown to plaintiff but prior to the enactment of section 11580 of the Insurance Code of said State, the said defendant Hartford Accident and Indemnity Company did in the course of its said business of accident insurance, make, execute, deliver and issue in said State of California, to one E. G. Nielson, therein designated the insured, a certain written contract, constituting a policy of accident insurance, and in it made said contract expressly for the benefit of plaintiff as herein alleged, to wit: That in and by the terms of said contract and policy of accident insurance, the said defendant did expressly promise, and agree to and with said insured E. G. Nielson, that in the event the plaintiff AUGUSTA CORUM was thereafter injured and damaged in and about her person, in said State of California, by the said E. G. Nielson carelessly and negligently driving his automobile upon a public street or highway in the City of Oakland in said State of California, into collision with her, the said defendant would pay the said plaintiff all damages sustained by her as the result of any and all personal injuries inflicted upon her by said collision and by said negligence on the part of the said insured E. G. Nielson. That in said insurance policy it is expressly stated that the same is made for the benefit of plaintiff. . . . That plaintiff had no knowledge or information of the existence of said accident insurance contract and policy, nor of its being expressly made for her said benefit as hereinbefore alleged, until within one

year next prior to the commencement of the above entitled action." It is further alleged that subsequent to the execution of the contract of insurance Nielson, who is not made a party to this proceeding, "on a date well known to defendant" negligently drove his automobile into collision with plaintiff, etc., as a result of which she suffered injuries and incurred expenses, etc. It is further alleged "That on the day said accident occurred, there was written notice of the same and of the time and place thereof, given said defendant as said insurer, by said E. G. Nielson, the insured."

As grounds for the special demurrer it was averred "That the Second Amended Complaint is uncertain, in this, because of the failure of plaintiff to allege the date on which said automobile collision occurred, which is referred to in Paragraph III of plaintiff's Second Amended Complaint, it cannot be ascertained therefrom whether or not said accident occurred on such a date as to entitle plaintiff to make any claim under the terms and provisions of defendant's insurance policy which said Second Amended Complaint alleges was executed and issued by said defendant, nor can it be ascertained therefrom whether or not any claim against said defendant would be barred by the provisions of Section 337 of the Code of Civil Procedeure of the State of California." After order sustaining the demurrer without leave to amend, upon the application of the attorney for plaintiff, judgment was entered in favor of defendant.

Appellant does not argue that she should be permitted to file a fourth complaint, but that the judgment should be reversed and the trial court directed to overrule the demurrer. Respondent, in addition to its argument in support of the demurrer, admits "that under normal circumstances a plaintiff must be afforded an opportunity to amend the complaint with respect to a point such as that made by the demurrer at bar," but calls attention to an affidavit which will be later referred to, set forth in the appendix to its brief. We are unable to agree with appellant that the superior court should be directed to overrule the special demurrer, and we cannot approve the position of the respondent that the judgment as entered should be affirmed.

■ This court may take cognizance of its records and those of the Supreme Court. (Code Civ. Proc., § 1875.) Such records disclose that the appellant herein appealed from a judgment in the case of *Augusta Corum* v. *E. G. Neilson,* in which the appeal was dismissed and a petition for hearing

by the Supreme Court denied, all in the year 1936. (Note the difference in the spelling of defendant's name.) The present complaint was filed in 1943. These facts, if known, may have prompted the action of the trial court in entering the order sustaining the demurrer without leave to amend. We refer to these records only insofar as they may indicate the necessity or otherwise of alleging the date of the accident, so that not only the defendant but the trial court may be apprised accurately of the facts in the event that an answer or a further demurrer should, as the present special demurrer does, make the point that the action is barred by the statute of limitations.

It may be admitted that the date of the insurance policy referred to in the complaint, if issued, is a matter peculiarly within the knowledge of the defendant. Ordinarily, a demurrer for uncertainty does not lie where the facts alleged in the complaint show a superior knowledge of a particular fact on the part of the demurring party (*Brea* v. *McGlashan,* 3 Cal.App.2d 454 [39 P.2d 877]; *Swasey* v. *de L'Etanche,* 17 Cal.App.2d 713 [62 P.2d 753]; *Goldstein* v. *Healy,* 187 Cal. 206 [201 P. 462]; *Schaake* v. *Eagle etc. Can Co.,* 135 Cal. 472 [63 P. 1025, 67 P. 759]) and it appears that the defendant is not injured as a result of a failure to allege particularly that which is alleged generally. Less particularity is required where, from the nature of the allegations, **the** adverse party must possess full information of the subject. (*Gerritt* v. *Fullerton U. H. School Dist.,* 24 Cal.App.2d 482 [75 P.2d 627].)

 However, the failure to allege a date, which appears to be material, such as the date of an accident, known to plaintiff, and as to which it may be assumed plaintiff's knowledge is superior to that of defendant, is subject to special demurrer. (*Baird* v. *Olsheski,* 102 Cal.App. 452 [283 P. 321]; *Johnson* v. *Nolan,* 105 Cal.App. 293 [288 P. 78].) Under such circumstances a pleader may not rely upon the rule that statements of facts constituting the cause of action involving an essential and material allegation (Code Civ. Proc., § 463) shall be pleaded in ordinary and concise language (Code Civ. Proc., § 426) as dispensing with the necessity of alleging specifically the date of the occurrence of an event if material. (*Williamson* v. *Joyce,* 137 Cal. 151 [69 P. 980]; *Baird* v. *Olsheski, supra.*) Mere recitals, references to or allegations of material facts, which may be left to surmise, are subject to special demurrer. (*Vilardo* v.

*County of Sacramento,* 54 Cal.App.2d 413 [129 P.2d 165];
*Philbrook* v. *Randall,* 195 Cal. 95 [231 P. 739].)

The complaint alleges that the date of the accident
was well known to defendant. Assuming this to be true, the
court is entitled to know such date by allegation in the com-
plaint in the event that resort should be had to a proceeding
to abate the prosecution of this action (Code Civ. Proc.,
§ 597) or for any other purpose, during the trial or prior
thereto. Appellant seeks aid from certain language used in
recent Supreme Court decisions some of which are listed in
*Bollinger* v. *National Fire Ins. Co.,* 25 Cal.2d 399 [154 P.
2d 399] wherein it was said (p. 411): "It is established
that the running of the statute of limitations may be sus-
pended by causes not mentioned in the statute itself." In
the Bollinger case it was held that defendant may lose the
privilege to urge a defense unless it is pleaded plainly and
promptly. It is important to defendant, should it wish to
plead the statute of limitations, to assert promptly by demur-
rer or otherwise this legal defense, which can only be pleaded
if plaintiff alleges plainly the date of the accident and other
facts with reasonable particularity sufficient to acquaint the
opponent of the nature, source and extent of the cause of ac-
tion so that it in turn with precision may admit, deny, ex-
plain or plead special, legal or factual defenses.

There is another matter that requires attention. If this
action is based on an ordinary automobile liability policy,
the complaint would fail to state a cause of action because
under the terms of such policies, which are based upon the
statute of 1919, now embodied in sections 11580 and 11581
of the Insurance Code, the cause of action of the injured
third person against the insurance carrier of the tort feasor
does not arise until the third person secures a final judgment
against the tort feasor. It appears that the unverified second
amended complaint here involved is carefully drawn to avoid
such limitation by alleging the existence of a most unusual
type of policy whereby the insurance company is alleged to
have contracted with Nielson that if Nielson injured Corum
the company would pay Corum damages. Such a policy might
have been written and we cannot determine on this appeal
whether that has occurred. If this were all that were before
us, we simply would reverse the judgment for the reasons
heretofore set forth. But that is not all that is before us.
The records of the District Court of Appeal for this district

show the following: On September 7, 1934, there was filed in the Superior Court of Alameda County a complaint entitled *Augusta Corum* v. *E. G. Neilson* and another. (Note the defendant's name is spelled differently in the Alameda action than the person referred to in the complaint here involved.) That complaint alleges that on September 18, 1933, while Augusta Corum was walking in a pedestrian crosswalk at the intersection of 13th Street and Broadway, Oakland, she was injured by Neilson's automobile. The description of Corum's injuries in that complaint is almost identical with that of the injuries described in the present complaint. The records further show that the Alameda action proceeded to trial, Augusta Corum being represented by the same counsel as here appears for the person by the same name, and in due course judgment was entered for defendant Neilson. Corum appealed to the appellate court for this district, where the appeal was given the number 1 Civ. 10293. In due course, and on July 16, 1936, on motion of Neilson, the appeal as heretofore related was dismissed. The judgment in favor of Neilson thereupon became final.

In addition to the above facts we find attached to the brief of respondent in the present action an affidavit of one of its counsel heretofore referred to. It is therein averred that on September 6, 1933, the insurance company did issue to E. G. Neilson a standard form of automobile insurance policy, covering a designated automobile for the ensuing year. It is averred that this is the only policy of insurance ever issued by the company to Neilson. It is further averred that the only claim ever made by Augusta Corum against either Neilson or the insurance company is a claim based on the accident of September 18, 1933. The complaint in the present case, signed only by the attorney and unverified, was filed December 16, 1943.

If the averments contained in the affidavit are true, it may be that the present complaint was drawn so as to get past a demurrer, and so as to get to trial on a purely fictitious and nonexistent cause of action. If so, it constitutes an abuse of judicial process. To take up the time of the courts with an action known by the attorney to be false and fictitious is clearly an abuse of judicial process. The courts involved are not impotent to protect themselves from such imposition. They possess inherent powers to prevent the administration of justice from being brought into disrepute by such tactics,

and specifically may use the implied power "to properly and effectively function as a separate department in the scheme of our state government" (*Brydonjack* v. *State Bar,* 208 Cal. 439 [281 P. 1018, 66 A.L.R. 1507]) to supervise and discipline "the conduct of attorneys who are officers of the court." (*Barton* v. *State Bar,* 209 Cal. 677, 681 [289 P. 818].) These powers do not depend upon constitutional grant but arise from the inherent power "necessary to the orderly and efficient exercise of jurisdiction." (14 Am.Jur., pp. 370, 372, § 171.)

However, although courts possess inherent powers to protect themselves from such abuses, we have determined not to exercise such powers in the present case as the trial court is well equipped to handle the matter. Inherent powers are usually exercised and called into operation only where there is no statutory provision by which the same result can be reached. In the present case the respondent did not attempt to bring these matters to the attention of the trial court in any formal way. Respondent had a statutory method by which it could have raised this issue. Had it filed an answer setting up this defense it could have moved, under section 597 of the Code of Civil Procedure, for a trial of such defense separately from the trial of the other issues. It may still do so. If upon such a hearing it develops that there has been a deliberate intentional abuse of the judicial processes by counsel for appellant, the trial court possesses full and complete powers to punish such abuse by contempt proceedings or otherwise.

In that event there would be a complete and proper record upon which to act.

The judgment is reversed and the trial court directed to permit plaintiff to amend the complaint.

Peters, P. J., and Knight, J., concurred.