## WINSOR HATCH & others *vs.* JOHN W. F. HOBBS.

A guaranty, not under seal, of "the sum of five hundred dollars, to be drawn out in merchandise by W. from time to time as he may want; this guaranty to remain good until further order, or until April 1st 1857; " is a continuing guaranty, and renders the guarantor liable to the extent of $500 for goods sold within that time, even after other goods to that amount have been sold to W. and paid for by him since the making of the guaranty; and although no notice thereof is given to the guarantor until the expiration of that time.

ACTION OF CONTRACT upon this guaranty: " Boston, December 22d 1856. To Messrs. Hatch, Hill & Co., Gentlemen : I hereby guaranty the sum of five hundred dollars, to be drawn out in merchandise by W. J. C. Hobbs from time to time as he may want. This guaranty to remain good until further order, or until April 1st 1857. J. W. F. Hobbs."

At the trial in the superior court of Suffolk at January term 1858 before *Nash,* J., it appeared that under this guaranty the plaintiff at different times in December 1856, and January, February and March 1857, sold merchandise, to the amount in all of $1412.39, to W. J. C. Hobbs, who made payments thereon from time to time, amounting in all to $887.84 ; and that on the 31st of March 1857 one of the plaintiffs called on the defendant, notified him of the sum due on W. J. C. Hobbs's account, and demanded payment of the $500. There was evidence that the defendant had had no other notice that the guaranty had been delivered to the plaintiffs, or that they had sold goods upon the faith of it.

The defendant contended that this instrument was exhausted by the sale of goods to the amount of $500 upon the faith of it; and that a greater sum than $500 having been paid by W. J. C. Hobbs to the plaintiffs for goods sold by them on the faith of the

guaranty after its delivery to them, they could not recover in this action ; and also that the demand made on the 31st of March was not reasonable notice to charge the defendant.

But the judge instructed the jury " that the guaranty was a continuing guaranty, and was not discharged by the payments to a larger amount, but would cover the balance, to the amount of $500, of the account for goods sold between its date and the first day of April following ; and that notice of the acceptance thereof and of sales thereunder, and demand, if given and made on or before said 31st day of March, was within a reasonable time, there being no evidence that there had been any intervening change in the circumstances of W. J. C. Hobbs tending to damnify the defendant." The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*T. S. Harlow,* for the defendant. 1. This guaranty authorized the plaintiffs to sell goods to the amount of $500 only on the defendant's credit, and was at an end when goods to that amount had been sold and paid for. *White* v. *Reed,* 15 Conn. 457. *Boyce* v. *Ewart,* 1 Rice, 126. *Cremer* v. *Higginson,* 1 Mason, 336. *Whitney* v. *Groot,* 24 Wend. 82. *Webb* v. *Dickinson,* 11 Wend. 62.

2. The defendant was entitled to notice of the acceptance of the guaranty, and of the sales made upon the credit of it at the time of such acceptance and sales. *Lee* v. *Dick,* 10 Pet. 482. *Adams* v. *Jones,* 12 Pet. 207. *Reynolds* v. *Douglass,* 12 Pet. 497.

*C. A. Welch,* for the plaintiffs.

DEWEY, J. This is a case of a simple contract of guaranty, and so far as any distinction exists between sealed contracts and those not under seal, in favor of a more extended liability attaching to the latter, as has sometimes been held, that circumstance exists here in favor of the construction of this contract asked by the plaintiffs.

The adjudicated cases as to what constitutes a continuing guaranty do not clearly mark a plain line of discrimination between those guaranties which have been held to limit the liability of the surety to a single transaction or dealing to a certain amount, and those that are to be held continuing guaran-

ties, limited only as to their amount, and the time stipulated, if there be any. Each case must depend very much upon the particular language and recitals of the guaranty. That made by the defendant falls, as we think, more appropriately within the class of continuing guaranties. It contemplates the purchase of merchandise " from time to time." It has its own limitation of time on its face, restricting the credit guarantied to purchases made before the 1st of April 1857, and expressly reserv ing the right to countermand the same by the order of the guarantor. *Bent* v. *Hartshorn*, 1 Met. 24, seems much to the point, and furnishes a strong authority for holding this a continuing guaranty. The various cases bearing upon this question will be found collected in Addison on Contracts, (4th ed.) 668.

No objection exists as to want of notice of acceptance of this guaranty. *Smith* v. *Dann*, 6 Hill, 543. *Whitney* v. *Groot*, 24 Wend. 82. *Exceptions overruled.*