82   39
158  542

# MATTHEW E. HAMILTON *et al.*

## *v.*

## SYLVANUS JOHNSTON.

1. GUARANTY—*presumption from position of name.* Where a person's name appears on the back of a note, and is signed before delivery, the presumption is that he is a guarantor and not a maker; but this is liable to be rebutted by proof that the parties intended otherwise.

2. SAME—*liability of surety to guarantor who pays debt.* There being no relation of co-surety between a guarantor and the sureties of the principal maker, he may recover of all the makers of the note any sum of money he is compelled to pay as guarantor, even though he knew that part of them were only sureties. As to the guarantor, all the makers are to be treated as principals.

3. SAME—*request of one maker of note to one to become guarantor is act of all.* Where the principal maker in a promissory note, after others who in fact are sureties for him have signed the same, procures another person, in their absence and without their knowledge, to indorse the same as guarantor, who is compelled to pay the same, the fact that the guarantor became liable without the request of the sureties is no defense in a suit against them by the guarantor. They all being primarily liable, a request of any one of them to guaranty payment is the act of all. ,

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of assumpsit, by the appellee against the appellants, Matthew Hamilton, Charles Dombach, and P. Bauman & Bros., to recover back money paid for their use as guarantor of their promissory note. The plaintiff had judgment, from which Hamilton and Dombach appealed.

Mr. WM. H. UNDERWOOD, for the appellants.

Messrs. E. L. & C. W. THOMAS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Samuel Stookey held a promissory note executed by the defendants and one Schneider, which had been given to secure indebtedness from the Baumans alone. Not being satisfied with the security, Stookey required that a new note should be executed, which was done, and delivered to and accepted by him in lieu of the first note. This was signed, on its face, by the defendants alone, and the names of the plaintiff and Peter Deitchman, John N. Moore, Robert H. Hamilton and John C. Hamilton, were written on its back.

Separate judgments were obtained by Stookey on this note, against the defendants, as makers, and against the plaintiff and

the others whose names were written on its back, as guarantors. Plaintiff paid something over $1000 on the last named judgment, and brings this action to recover the amount thus paid.

The question is, was the plaintiff a guarantor or only a cosurety?

The presumption, though the fact is susceptible of being proved that the party intended otherwise, from his name being on the back of the note, is, that he was a guarantor and not a maker. *Camden et al.* v. *McKoy et al.* 3 Scam. 437.

The plaintiff testified, that his intention in indorsing the note was not to become a surety; that, when requested by Bauman to sign the note, " he refused to sign the face of it," for the reason, as he says he stated to Bauman, that he " would not go security for as big a note as that for anybody;" that Bauman then requested him to sign the back of the note, adding this language: " You are perfectly safe. The note is good. I just want you to sign the back of the note, merely to have your name;" and that he thereupon wrote his name on the back, and did not intend or understand he was thereby becoming surety on the note.

We have found no evidence in the record tending to contradict this. The evidence of the defendants is, simply, that the plaintiff's signature was placed on the note when they were not present, and that they did not request him to guaranty or become surety for them.

The reasonable conclusion, from the evidence, is, that, as between the payee of the note and the plaintiff, he was a guarantor, and properly sued as such. And this was certainly the position in which he stood towards the principals in the note.

There is evidence, however, that he knew, when he signed the note, that Hamilton and Dombach were not principals, but sureties, merely, for the Baumans, and it, therefore, becomes necessary to inquire whether, for the purposes of this case, he sustains the same relation towards them that he does towards the Baumans.

We held in *Paul* v. *Berry*, 78 Ill. 158, that parties signing a promissory note may, by agreement among themselves, determine what relation they occupy towards each other; and that parties signing with the understanding that they are sureties for and not co-sureties with certain parties, can not be made liable for contribution to them.   See, also, Decolyar on Guaranties, 345.

Here, Hamilton and Dombach were jointly and severally liable with the Baumans for the payment of the note when the plaintiff was requested to indorse it.   His undertaking was not that he would, individually, or jointly with them, pay the note, but that they should pay it.   His undertaking did not increase their liability, and whether he did or did not guaranty the payment of the note, was, therefore, of no consequence to them.   They had no legal claim that he should become liable in any way, nor did the fact of his becoming thus liable prevent others that may have so desired, from becoming liable with them, so as to divide the burthen resting upon them.

There being no relation of co-suretyship between the plaintiff and Hamilton and Dombach, it follows, that, notwithstanding the plaintiff knew they were, as between themselves and the Baumans, sureties merely, yet, as to him, they were necessarily all principals, and, being such, there is no question that money that he has paid, which it was their duty in the first instance to pay, may be recovered.   It can not be said he is a mere volunteer, for his liability is assumed by the request of one of their number, whose act in that regard is the act of all then liable for the payment of the note.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*