TRAVELERS INSURANCE COMPANY, Respondent, vs. HALLAUER, Appellant.

*March 23—April 9, 1907.*

*Pleading: Construction: Facts inferable from facts alleged: Conclusions: Voluntary payment.*

1. If the language of a complaint will reasonably admit of a construction that will support it, that construction should be adopted rather than one that will condemn it; and to that end all facts reasonably inferable from facts expressly alleged are to be deemed to be set forth and as forming part of the pleading.

2. A complaint alleged in substance that defendant wished to appeal from a judgment against him for about $7,000; that the plaintiff company, which had insured him against liability on such judgment in the sum of $5,000, procured from a surety company an undertaking on appeal to pay the judgment; and that defendant agreed in writing that if the judgment should be affirmed he would pay to plaintiff any amount which the latter might be obliged to pay in excess of $5,000. The complaint then averred that plaintiff was obliged to and did pay said judgment, including a certain amount in excess of $5,000. *Held*, on demurrer, that the latter averment did not state a mere conclusion of law, and that it included, by reasonable inference, an averment that the judgment was affirmed on the appeal, so that the payment was not voluntary.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge.  *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Higbee & Higbee*, and oral argument by *E. C. Higbee.*

For the respondent there was a brief by *Vilas, Vilas & Freeman*, and oral argument by *E. P. Vilas.*

TIMLIN, J.  The complaint averred among other things not relevant to the questions presented that one Herbert J. Coolidge recovered a judgment in the circuit court for La Crosse county against the defendant for $7,129.77 damages and costs. The plaintiff had insured the defendant against liability on said judgment to the amount of $5,000, and, the defendant intending to appeal from said judgment to the supreme court, the National Surety Company, at the instance and request of the plaintiff, furnished an undertaking on said appeal to pay said judgment.  A written agreement annexed to and part of the complaint was made and executed by the defendant to the plaintiff, whereby the defendant agreed that if the judgment so appealed from should be affirmed he would pay to the plaintiff any amount in excess of plaintiff's liability of $5,000 aforesaid which the said judgment directed to be paid, in case the plaintiff was obliged to pay any amount in excess of its liability aforesaid.  It is then averred that the plaintiff on or about December 30, 1905, was obliged to and did pay on said judgment $5,347.27, and on or about January 27, 1906, the additional sum of $2,266.78, in all $7,612.05, and in excess of its liability under the terms of its contract or policy with defendant $2,612.05; that it demanded payment of the latter sum from the defendant.  Does such complaint state a cause of action for the recovery by the plaintiff from the defendant of the sum last mentioned?

The complaint presents this legal problem: A. is a judg-

ment debtor to the amount of about $7,000, from which judg-
ment A. desires to appeal. B. is liable to A. for $5,000 there-
of. B. having this interest requests C. to sign a *supersedeas*
bond on appeal, and C. does so sign at B.'s request. A. agrees
that if the judgment appealed from be affirmed he will pay B.
any amount in excess of $5,000 directed to be paid by the
judgment if B. is obliged to pay any such amount. B. pays
up the whole judgment and then demands of A. contribution
to the amount of the excess over $5,000, and brings an action
to enforce such demand, averring, to cover the necessary aver-
ment of affirmance of the judgment appealed from, only, that
"this plaintiff was obliged to and did pay upon said judg-
ment," etc. If under the conditions aforesaid there was an
averment in the complaint that the judgment in question was
affirmed by the supreme court there would arise by implication
a liability on the part of B. to indemnify C., and B. having
done so pursuant to this duty there would arise by implication
a liability on the part of A. to repay to B. such part of the
money so paid by B. as was paid to the use of A., even in the
absence of A.'s written contract mentioned. The written
contract of A. mentioned would also create such liability.
*Hunt v. Amidon*, 4 Hill, 345, 348; *Appleton v. Bascom*, 3
Met. 169; *Edmunds v. Wallingford*, 54 L. J. (Q. B.) 305;
*Randolph's Adm'x v. Randolph*, 3 Rand. 490; *Clanton v.
Coward*, 67 Cal. 373, 7 Pac. 787; *Hamilton v. Johnston*, 82
Ill. 39; *Bushnell v. Bushnell*, 77 Wis. 435, 46 N. W. 442;
*Boutin v. Etsell*, 110 Wis. 276, 85 N. W. 964.

The validity of this complaint as against the demurrer then
turns upon the question whether the averment therein that B.
was obliged to and did pay upon said judgment, etc., can stand
for the fact of affirmance of said judgment. It is contended
by the appellant that this expression states a conclusion of law
and is therefore not good pleading. Whether a finding is an
ultimate fact or a conclusion of law depends upon whether it
is reached by natural reasoning or by application of the arti-

ficial rules of law. · *Levins v. Rovegno,* 71 Cal. 273, 12 Pac. 161. It is not easy to formulate a definition that will always describe what is a mere conclusion of law so as to distinguish it from a pleadable ultimate fact, or that will define how great an infusion of conclusions of law will be held to enter into the composition of a pleadable fact. *Clark v. C., M. & St. P. R. Co.* 28 Minn. 69, 9 N. W. 75. But where the conclusion describes a legal status or condition or a legal offense it would ordinarily be termed a conclusion of law. Where, on the other hand, the conclusion describes a condition or status not represented or designated by some definite legal term or rule it will ordinarily be a conclusion of fact. Conclusions of fact are said to be inferences drawn from subordinate evidentiary facts. *Caywood v. Farrell,* 175 Ill. 480, 51 N. E. 775. There is an intermediate class which are said to be mixed conclusions of fact and law, some of which are by usage and precedent pleadable as facts. Of this class the following are illustrations: "That defendants succeeded to and became possessed of said life interest." *Curtiss v. Livingston,* 36 Minn. 380, 31 N. W. 357. "Is the owner in fee simple." *Johnson v. Vance,* 86 Cal. 128, 24 Pac. 863. "Elected to give exclusive credit to the maker." *Usher v. Waddingham,* 62 Conn. 412, 28 Atl. 538. "Money was reloaned." *Spurgeon v. Smitha,* 114 Ind. 543, 17 N. E. 105. "Converted plaintiff's property to his own use." *Duggan v. Wright,* 157 Mass. 228, 32 N. E. 159. Coming to our own court: That defendant was "negligent." *Fitts v. Waldeck,* 51 Wis. 567, 8 N. W. 383. That an execution was "duly issued." *Jones v. Davis,* 22 Wis. 421. That defendant made a contract through its duly authorized agent. *Smith v. Barron Co.* 44 Wis. 686. That an instrument is "lawfully possessed and owned by said administrator and plaintiff." *Hyde v. Kenosha Co.* 43 Wis. 129. That a mortgage "was and is subject and subsidiary to the mortgage or trust deed of your orators." *Iowa Co. v. Mineral Point R. Co.* 24 Wis. 93. This is described in the last-mentioned case as one of several mixed

propositions of fact and law which for the purpose of pleading are treated as facts. That certain persons "are the heirs at law." *Gillett v. Robbins,* 12 Wis. 319. That money borrowed by town officers for a town "was used for legitimate town purposes so that defendant [town] had the full benefit thereof." *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425. It is further stated in the last-mentioned case that every reasonable intendment and presumption should be made in favor of a pleading; that if the language of a complaint will reasonably admit of a construction that will support it, that construction is to be sought for, and adopted when found, instead of one that will condemn it. It then adds: "To that end all facts reasonably inferable from facts expressly alleged are to be deemed set forth and as forming a part of the pleading." And lastly, there is the case of *Norris v. Milwaukee D. Co.* 21 Wis. 130, where the very point is decided, and an averment that "plaintiffs were compelled to and did make good to the consignees a certain deficiency" held a sufficient averment that the payment was not voluntary. We find, however, to the contrary of the last proposition, *Price v. Doyle,* 34 Minn. 400, 26 N. W. 14. We are required in such case to follow the decisions of this court.

*By the Court.*—The judgment of the circuit court is affirmed.

CASSODAY, C. J., took no part.