JACOB PASKUSZ ET AL., PARTNERS, TRADING AS J. PAS-
KUSZ & SON, PLAINTIFFS AND APPELLEES, v. SAMUEL
BODNER ET AL., PARTNERS, TRADING AS BODNER &
SHER, DEFENDANTS AND APPELLANTS.

Submitted June 4, 1907—Decided November 11, 1907.

The following guarantee: "We, the undersigned, do guarantee you
to trust Bodner, Berkman & Co. three hundred (300) dollars'
worth of material to be credited to them at the rate of ten or
fifteen days' terms for a term of five months from date," is a
continuing guarantee, and extends to all moneys due for ma-
terials purchased within five months, the amount of the credit
only being limited to $300.

On appeal from the District Court of the city of Passaic.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellants, *George P. Rust* and *Arthur S. Corbin.*

For the appellees, *McDermott & Enright.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment of the
District Court of the city of Passaic in favor of the plaintiffs
below.

It was an action to recover from the defendants below as
guarantors upon a written guarantee, as follows:

                    "PASSAIC, N. J., May 3d, 1906.
*"Mess. J. Paskusz & Son:*

"GENTLEMEN—We, the undersigned, do guarantee you to
trust Bodner, Berkman & Co. three hundred (300) dollars'
worth of material to be credited to them at the rate of ten or
fifteen days' terms for a term of five months from date.

"Obliged.            Respectfully yours,
            "(Signed)       BODNER & SHER."

The plaintiffs and the firm of Bodner, Berkman & Company were both in business in the city of New York before and during the time of the guarantee, and had been dealing on a small cash basis. Bodner, Berkman & Company desired to purchase from the plaintiffs on credit and in larger quantities, and to open an account with them, but plaintiffs refused to extend credit unless they secured a guarantee for the payment of the goods to be purchased by them. Mr. Bodner, of Bodner, Berkman & Company, went to Passaic, drew the guarantee on a letterhead of the defendants, and at his request the defendants signed it.

During the five months covered by the guarantee the plaintiffs sold goods to Bodner, Berkman & Company to the amount of $1,259.20, in bills not exceeding $300 each, on terms of ten days' credit. The indebtedness upon the account never exceeded $300 at any time. Payments were made by Bodner, Berkman & Company amounting to $1,085.97, leaving a balance of $173.23 due, for which amount the plaintiffs made demand on the principal debtors, but they did not pay the same, and became insolvent in or about October, 1906. The goods making up this balance were sold in September. The court gave judgment in favor of the plaintiffs for the amount of this balance, with interest.

The sole question is whether the language of this guarantee under the circumstances extended to all moneys due for materials purchased within the five months, the amount of the credit only being limited to $300, or whether the guarantee was for only the first $300 worth of goods sold.

The rule of construction having the support of the weight of authority is to give the instrument that effect which shall best accord with the intention of the parties as manifested by the terms of the guarantee taken in connection with the subject-matter to which it relates. *Lewis* v. *Dwight,* 10 *Conn.* 95; *Home Savings Bank* v. *Hosie,* 119 *Mich.* 116.

The application of this rule to the present case is not free from difficulty. It is not easy to understand all the expressions used in the guarantee. The words "three hundred dol-

lars' worth of material" of themselves naturally import a limitation upon the amount of goods that were to be sold, but the language following indicates an intent that there should be a running line of credit upon certain terms, to be limited to a period of five months. The expression "for a term of five months from date" must refer to the time during which sales could be made, and not to the time that credit should run.

We think, therefore, that the guarantee is a continuing one, and extends to all moneys due for materials purchased within five months, the amount of the credit only being limited to $300.

This conclusion seems to be in harmony with the general tenor of judicial decision. *Rindge* v. *Judson,* 24 *N. Y.* 64; *Columbia Electrical Supply Co.* v. *Kemmet,* 38 *Vroom* 18; *Hatch* v. *Hobbs,* 78 *Mass.* (12 *Gray*) 447; *Gates* v. *McKee,* 13 *N. Y.* (3 *Kern*) 232; *Taussig* v. *Ried,* 145 *Ill.* 488; *Clark* v. *Burdett,* 2 *N. Y. Super. Ct.* (2 *Hall*) 197; *Bent* v. *Hartshorn,* 42 *Mass.* (1 *Metc.*) 24.

The result is that the judgment of the court below is affirmed.