SENTINEL COMPANY, Respondent, vs. SMITH, Appellant.

*September 15—October 4, 1910.*

*Guaranty: Acceptance: Construction: Limited or continuing? Pleading: Notice of default: Giving credit after default: Discharge of guarantor.*

1. In an action upon a contract of guaranty a complaint alleging that the plaintiff did "notify the defendant that the said plaintiff accepted the said guarantee and relied thereon," sufficiently alleges acceptance of and reliance on the guaranty.

2. A contract between a newspaper publishing company and an agent provided that it should continue for at least six months and that the agent should promptly pay every month for the papers sent him. By a contract of guaranty executed the same day, defendant agreed "to become responsible for the prompt payment of all bills for such papers to the amount of $500." *Held*, that the guaranty was not limited to payment for the first $500 worth of papers delivered, but was a continuing guaranty, binding defendant to pay for such papers as might be delivered during the life of the contract, not exceeding the sum named.

3. In an action upon such guaranty the complaint need not allege that notices of the various defaults of such agent were given to defendant from time to time as they occurred. If notice was required, failure to give it was defensive matter to be set up in the answer.

4. The mere fact that the creditor continued to ship papers to the agent, notwithstanding he was in default in his payments after the first month, did not evince either bad faith or reckless conduct on the part of the creditor such as would bar a recovery against the guarantor.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

On February 25, 1908, plaintiff entered into a contract. with one E. E. Hull, by the terms of which said Hull was. appointed agent and solicitor of the Milwaukee Sentinel at. Madison, Wisconsin. The contract provided that it should continue at least six months and that the agent should promptly pay every month for the papers sent him, at the specified price. This action is brought to recover $468.80 on. an alleged contract of guaranty signed by the defendant, the material portion of which is as follows:

"To the Milwaukee Sentinel,                    Feb. 25, 1908.
          "Milwaukee, Wis.

"You are hereby authorized to furnish E. E. Hull of Madison, Wis., with copies of the Milwaukee Sentinel for sale, the undersigned hereby agreeing to become responsible to you for the prompt payment of all bills for such papers to the amount. of $500.00."

The complaint alleged acceptance of the guaranty and reliance thereon by the plaintiff. It further alleged that on. and between March 1 and September 1, 1908, said Hull received newspapers from the plaintiff to the amount and value of over $1,300, and that various payments had been made thereon, so that the balance due was that claimed in the complaint. From an order overruling a general demurrer to the complaint defendant appeals.

*J. Burritt Smith,* for the appellant.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *W. R. Curkeet.*

BARNES, J. This court is asked to reverse the order of the circuit court on the following grounds:

. (1) Because the complaint fails to allege that the plaintiff accepted and relied on the defendant's guaranty.

(2) Because the guaranty was limited to $500, and all liability thereunder ceased when the agent, Hull, had paid for the first $500 worth of papers delivered to him under his. contract.

(3) Because prompt notice of default on the part of the agent was not given to the guarantor; and

(4) Because plaintiff continued to extend credit to the agent after he had defaulted in making payments that were due.

1. The first objection is untenable. The complaint alleges that the plaintiff, "by its duly authorized agent, did on said 25th day of February, 1908, and after the execution of said agreement, notify the said defendant that the said plaintiff accepted the said guarantee and relied thereon." This is a sufficient allegation of acceptance of and reliance on the guaranty. *Travelers Ins. Co. v. Hallauer,* 131 Wis. 371, 111 N. W. 527; *White v. Reed,* 15 Conn. 457.

2. In construing contracts of guaranty as in construing other contracts, the important question is, What did the parties intend? Both of the parties to this contract concede that the two instruments should be read together. The contract between the plaintiff and the agent, Hull, clearly contemplated that the latter should be supplied with papers for a period of at least six months. Considering the situation of the parties and the language of the guaranty, we think it was intended that the defendant should become responsible for such papers as plaintiff might deliver to its agent during the life of the contract, the liability in no event to exceed the sum of $500. In other words, we hold that the guaranty is a continuing one. A contract precisely similar in terms was so construed by the Michigan court. *Detroit Free Press v. Pattengill,* 155 Mich. 272, 118 N. W. 927. And while there are some decisions to the contrary, the decided weight of authority is to the effect that such a guaranty should be construed as being a continuing rather than a limited one. *Gates v. McKee,* 13 N. Y. 232; *Rindge v. Judson,* 24 N. Y. 64; *Mathews v. Phelps,* 61 Mich. 327, 28 N. W. 108; *Lane v. Mayer,* 15 Ind. App. 382, 44 N. E. 73; *Nat. Bank v. Thomas,* 220 Pa. St. 360, 69 Atl. 813; *Paskusz v. Bodner,* 75 N. J. Law, 447, 67

Atl. 1040; *Fisk v. Rickel,* 108 Iowa, 370, 79 N. W. 120; *Taussig v. Reid,* 145 Ill. 488, 32 N. E. 918.

3. It was not incumbent upon plaintiff to allege that notices of the various defaults of the principal debtor were given to the defendant from time to time as they occurred. If the question of notice was material at all, failure to give it is defensive matter that must be pleaded by way of answer. *Mamerow v. Nat. L. Co.* 206 Ill. 626, 69 N. E. 504; *Swisher v. Deering,* 204 Ill. 203, 68 N. E. 517, 518; *Furst & B. Mfg. Co. v. Black,* 111 Ind. 308, 12 N. E. 504, 508; *Davis v. Wells,* 104 U. S. 159; 20 Cyc. 1465, and cases cited in note 74. Under the facts stated in the complaint it is, to say the least, doubtful if plaintiff was obliged to give notice to defendant of the successive defaults. *Loverin & B. Co. v. Travis,* 135 Wis. 322, 326, 115 N. W. 829. In any event, all the law requires is that the notice be given within a reasonable time. See cases cited *supra.* This court could not say as a matter of law that the time which elapsed in the instant case was unreasonable. We are not informed as to how long the time was.

4. Lastly it is urged that inasmuch as the agent, Hull, was behind in his payments from and after the first month he operated under his contract, the plaintiff was guilty of bad faith and reckless conduct in continuing shipments during the life of the contract, and therefore it cannot recover. The mere indulgence of the creditor in such a case will not discharge the surety. "Beyond the bare neglect of the creditor to enforce payment or performance from the principal, there must be some act of connivance or gross negligence amounting to wilful shutting of the eyes to the fraud." *McKechnie v. Ward,* 58 N. Y. 541, 549, and cases cited; *Monroe Co. v. Otis,* 62 N. Y. 88, 94; *Howe M. Co. v. Farrington,* 82 N. Y. 121, 128; *Douglass v. Ferris,* 138 N. Y. 192, 206, 33 N. E. 1041; *Benjamin v. Hillard,* 23 How. 149, 165, 166; *Grafton*

*v. Hinkley,* 111 Wis. 46, 57, 86 N. W. 859; *Hubbard v. Haley,* 96 Wis. 578, 589, 71 N. W. 1036; *Watertown F. Ins. Co. v. Simmons,* 131 Mass. 85.

*By the Court.*—Order affirmed.