SENTINEL COMPANY, Respondent, vs. SMITH, Appellant.

*May 15—June 4, 1912.*

*Guaranty: Oral evidence affecting writing: Ambiguity: Notice of default: Discharge of guarantor.*

1. Evidence of conversations prior to the signing of a written contract, with reference to the meaning thereof, is not admissible to show an understanding between the parties contrary to the unambiguous terms of the contract.
2. Where a guaranty is of payment, not of collection, failure to give notice of a default or to demand payment promptly does not discharge the guarantor, in the absence of any connivance or gross negligence amounting to a fraud upon him.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought on a guaranty which is found in the report of this case in 143 Wis. 377, 127 N. W. 943. The defenses interposed were (1) that plaintiff never accepted the defendant as surety; (2) that there was a verbal understanding between the parties, at and prior to the signing of the contract, to the effect that the liability of the surety should extend only to the first $500 worth of papers furnished to the agent, Hull; and (3) that the plaintiff failed to seasonably notify the defendant of Hull's default, by reason of which failure defendant was discharged from liability. The case was submitted to the jury on a special verdict containing two questions. By their answer to the first question the jury found that plaintiff notified the defendant on February 25, 1908, that it accepted his guaranty of the contract. By their answer to the second question the jury found that the defendant knew within a reasonable time after the guaranty was signed that the plaintiff was furnishing papers to the agent, Hull, on the faith of the guaranty. Judgment was awarded to plaintiff on this verdict, and from such judgment the defendant appeals.

*J. Burritt Smith,* for the appellant.

For the respondent there was a brief by *Olin, Butler & Curkeet,* and oral argument by *J. M. Olin.*

BARNES, J. This case was before the court on an appeal from an order overruling a demurrer to the complaint, and is reported in 143 Wis. 377, 127 N. W. 943. The errors assigned on this appeal are refusal of the court to grant a nonsuit or direct a verdict, improper admission and exclusion of evidence, and refusal to submit to the jury a question requested by plaintiff.

It is argued that the court should have granted a nonsuit, and, failing in this, should have directed a verdict because the evidence did not show that plaintiff ever accepted the defendant as surety. The jury had a perfect right to believe

the evidence of the plaintiff's agent, and it was ample to show that he had authority to accept the defendant as surety and that he did so.

The defendant sought to prove that prior to the signing of the guaranty he had a conversation with plaintiff's agent in reference to its meaning and that it was understood between them that liability would cease when Hull had purchased and paid for $500 worth of papers. This evidence was excluded and its exclusion is assigned as error. The ruling was correct. The court held in effect on the former appeal that the contract involved was unambiguous and that it was a continuing guaranty. This holding was the law of the case. If testimony such as was offered could be received in any case, it would not be receivable for the purpose of importing ambiguity into an otherwise unambiguous contract, but for the purpose of ascertaining the meaning of a contract which was ambiguous on its face or became ambiguous when applied to the subject with reference to which the parties contracted. *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43; *Pedelty v. Wis. Z. Co.* 148 Wis. 245, 134 N. W. 356.

Some other errors on the admission and exclusion of evidence are assigned, but they are not of sufficient importance to invite discussion.

The appellant also urges that the court erred in refusing to submit the following question to the jury: "Did the plaintiff, within a reasonable time after any default under the contract by Mr. Hull, notify the defendant of such default?" We think the court correctly refused to submit this question, because there was no evidence in the case which warranted its submission. The contract was a guaranty of payment and not of collection. *Loverin & B. Co. v. Travis,* 135 Wis. 322, 115 N. W. 829. This court held in the former opinion that mere neglect on the part of the principal to promptly demand payment when the default occurred would not discharge the

surety. There must be some act of connivance or gross negligence practically amounting to a fraud on the surety in order to work his discharge. See opinion on former appeal, 143 Wis. 380. The record is barren of any evidence from which even an inference of fraud could be drawn.

*By the Court.*—Judgment affirmed.