(No. 16010.—Judgment affirmed.)

G. A. DETERDING *et al.* Defendants in Error, *vs.* THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. EASEMENTS—*owner of dominant heritage is entitled to have natural flow of water unobstructed.* The owner of the dominant heritage has the right to have the natural flow of water through and over the servient heritage unobstructed.

2. WATERS—*equity will enjoin an obstruction to natural flow of water.* Courts of equity have jurisdiction to grant relief where the owner of the servient heritage, by obstructing the natural flow of water, causes damage to the owner of the dominant heritage.

3. SAME—*when parties are not guilty of laches in proceeding to compel removal of dam.* Where a public service company has constructed a dam which causes the lands up-stream to be more frequently subject to overflow, the owners of said lands seeking to compel the removal of the obstruction are not guilty of *laches* where proceedings were first instituted within three years after the dam was built and litigation continued until the dam deteriorated, the present suit being instituted at the time of the re-building of the dam; and the fact that the defendant will suffer damage if compelled to remove the structure does not preclude relief.

4. PUBLIC UTILITIES—*commission has no jurisdiction to compel removal of dam which obstructs easement.* The unauthorized obstruction of the natural flow of water by the owner of the servient heritage is an invasion of the dominant owner's rights which calls

for protection by the courts, and the Public Utilities act, in conferring powers upon the Commerce Commission, does not deprive equity of jurisdiction to compel the removal of a dam by a public service company on the complaint of the owners of the dominant heritage that the dam obstructs the natural flow of water.

HEARD, J., took no part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

VAUSE & KIGER, (HOGAN & REESE, and STEVENS & HERNDON, of counsel,) for plaintiff in error.

LESLIE J. TAYLOR, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case is brought to this court upon petition of plaintiff in error for a writ of *certiorari* to review a judgment of the Appellate Court affirming a decree of the circuit court in favor of defendants in error, as prayed in their bill.

Defendants in error are the owners of farm lands in Christian county on and along a water-course known as the South Fork of the Sangamon river. In 1913 plaintiff in error acquired the title to a forty-acre tract of land on the same river, below or further down the stream than the lands of defendants in error, and constructed thereon a generating station for the generation and distribution of electrical current by means of transmission wires and sub-stations, to furnish light and power to individuals and municipal corporations. To provide for a continuous supply of water for the operation of its plant, plaintiff in error in 1913 constructed a dam in the river about four and one-half feet high and later added thirty inches more to its height by a superstructure, making the top of the dam about four and one-half feet below the top of the banks of the stream. Defendants in error claim the obstruction to the flow of the

water through the stream by the dam caused the stream to overflow oftener, the overflow to reach parts of their lands which had not previously been subject to overflow, and caused the water to stand longer on their lands than it had previously done, thereby seriously damaging their lands for cultivation. The bill prayed for a mandatory injunction to require plaintiff in error to remove the dam and obstructions to the natural flow of the water. A decree was entered granting the relief prayed, from which plaintiff in error appealed to the Appellate Court. That court affirmed the decree of the circuit court, and this court granted the petition of plaintiff in error to review the judgment.

Plaintiff in error contends the lands of defendants in error, and their use for cultivation, have not been damaged by the construction of the dam; that defendants in error have been guilty of *laches,* set up and relied on in the answer; that in any event the damages to defendants in error have not been proven beyond reasonable doubt by the testimony, and that the injury to plaintiff in error by granting the prayer of the bill would be so much greater than defendants in error's damages by the refusal to grant it, that in its sound discretion a court should refuse to grant the mandatory injunction. It is also contended that the case made is one which should be submitted to the Commerce Commission for adjustment, and a court of equity should not exercise its jurisdiction in the premises.

Defendants in error own the dominant heritage, and under the well settled rules of law had the right to have the natural flow of the water through and over the servient heritage of plaintiff in error unobstructed, and it is a well settled rule that courts of equity have jurisdiction to grant relief where the owner of the servient heritage, by obstructing the natural flow of the water, causes damages to the owner of the dominant heritage. The lands of defendants in error are in what is known as the South Fork river bottom. In times of high water the lands, or parts

of them, had been subject to overflow, but the proof abundantly showed the lands overflowed, after the dam was built, from lighter rainfalls than previously, that the water stood on the lands longer, and that the obstruction caused parts of the lands to overflow which did not overflow before the dam was built. We think the evidence amply justified the finding and decree of the chancellor that plaintiff in error had by an unlawful structure obstructed the natural flow of the water through a natural water-course and caused injury and damage to defendants in error. To our minds this was so abundantly proven that we will not quote from the testimony on this subject.

Plaintiff in error set up and relied in its answer upon *laches* of defendants in error, which it contends should bar them from the relief asked. We think there is no basis of merit for this contention. The original dam was constructed in 1913. One of defendants in error, Deterding, brought an action at law against plaintiff in error for damages to his land and crops for the years 1915 and 1916. He obtained a judgment, which the Appellate Court reversed for errors of law and remanded, and on a re-trial of the case he obtained another judgment, from which, as we understand the brief, no appeal was prosecuted. Other land owners or their tenants brought actions at law for damages, but none of them were prosecuted to a final conclusion, and the bill in this case was filed in August, 1920. The original dam appears not to have been very substantially built, and from the action of the elements became so broken and deteriorated that a new dam of concrete and re-inforced steel was constructed about one hundred feet further down the stream than the original dam. The new dam was constructed in 1920,—much of it after the bill in this case was filed and service of summons had upon plaintiff in error. Both dams were constructed without authority of law and without the acquiescence of defendants in error. Litigation began on account of the original dam in 1916, and the new

dam was largely constructed after the bill in this case was filed. We do not think there is any basis for the claim that defendants in error were barred of their remedy by *laches. Pinkstaff* v. *Steffy,* 216 Ill. 406.

Plaintiff in error argues that to require the removal of the dam would cause such damages to it and the public it serves, and the evidence of the damages to defendants in error by the dam's continuance is of such doubtful character, that it is the duty of a court of equity to deny the relief prayed. As we have before stated, we do not consider the evidence of damages to defendants in error from the construction and maintenance of the dam at all doubtful. The evidence was heard in open court before the chancellor, and we find no basis for holding that the finding of the decree made by the chancellor is palpably contrary to the weight of the testimony. The decree finds the obstruction was unlawful and caused damage to defendants in error. That was an invasion of their legal rights, depriving them of their property without any compensation, and the mere fact that it might cause damage to plaintiff in error now to remove the obstruction does not appeal to us as any reason why the relief should not be granted. Defendants in error offered proof by engineers of methods, which they testified could be adopted at a cost of from $6500 to $10,000, which would relieve defendants in error from damage by the obstruction of the natural flow of the water and provide sufficient water for the operation of plaintiff in error's plant.

The contention of plaintiff in error that the controversy should have been submitted to and determined by the Commerce Commission does not appear to have been raised in the trial court. Counsel say the question is one of first impression in this court, and argue that a fair, reasonable construction of the Public Utilities act would bring the controversy within the jurisdiction of the Commerce Commission. We can find no language in the act to justify giving

it any such construction. The subject matter complained of, and the nature of the injury for which a remedy is sought, seem clearly foreign to the purpose and intent of the Public Utilities act. While plaintiff in error serves the public, it is a corporation organized for private profit. In the matter of rates and the like it is subject to regulation by the Commerce Commission, but in the matter here complained of, that commission has no jurisdiction to act. The controversy is one peculiarly for settlement by the courts. The natural flow of water in the river has been unlawfully obstructed by the owner of the servient heritage. The obstruction is an injury and damage to the owners of the dominant heritage. Courts have always had jurisdiction in such cases, and they were not deprived of it, nor intended to be deprived of its exercise, by the Public Utilities act. It has always been the law that the unauthorized obstruction of the natural flow of water by the owner of the servient heritage was an invasion of the dominant owner's property which called for protection by the courts. (*Peck* v. *Herrington,* 109 Ill. 611; *Davis* v. *Highway Comrs.* 143 id. 9; *Lambert* v. *Alcorn,* 144 id. 313; *Winhold* v. *Finch,* 286 id. 614.) There is nothing in the facts or circumstances of this case which takes it out of the general rule.

The decree of the circuit court gave plaintiff in error six months from the date of its entry to remove the obstruction. The pendency of the appeal to the Appellate Court and this writ of error have caused plaintiff in error to allow the obstruction to remain until the determination of the litigation. The judgment of the Appellate Court will be affirmed, but plaintiff in error will be allowed six months from the date of the entry of the judgment in this court within which it shall remove the obstruction to the natural flow of the water.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.