(No. 24674.—

OLIVE A. LEITCH *et al.* Appellants, *vs.* THE SANITARY DISTRICT OF CHICAGO *et al.* Appellees.

*Opinion filed October 13, 1938.*

JAMES J. BARBOUR, and EDWARD H. S. MARTIN, for appellants.

BARNET HODES, Corporation Counsel, ERNST BUEHLER, LAWRENCE J. FENLON, and WILLIAM C. OEHLSEN, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Complaint for an injunction and other relief was filed against the Sanitary District of Chicago and others by

Olive A. Leitch in the superior court of Cook county on April 7, 1936. On March 19, 1937, a suit was brought in the same court for the same relief and against the same parties by Dollie F. Leitch. On October 20, 1937, these causes were consolidated and the plaintiffs given leave to file *instanter* their amended consolidated complaint which will hereafter be referred to as the complaint. On November 12, 1937, the defendant sanitary district moved to dismiss the complaint on the ground that it set forth conclusions and did not contain allegations of ultimate facts, and because the plaintiffs had an adequate remedy at law. On the next day, the city of Chicago joined in the same motion, and, upon hearing, the superior court sustained the motion to dismiss. Plaintiffs excepted and have appealed directly to this court.

Considering only the direct allegations in the complaint, they are as follows: That since January 1, 1916, plaintiffs have been the owners and possessed of the real estate therein described, located on the south branch of the Chicago river between Thirty-ninth street, Pershing Road, and South Ashland avenue in Chicago, containing 3.1 acres and extending to the center thread of the river; that defendants obstructed the river at Thirty-ninth street and Pershing Road by construction of a sewer and bridge and by filling in the river with earth, concrete and metal; that the river at that place is a navigable waterway in law and in fact, has a depth of fourteen to eighteen feet and a width of one hundred-fifty to two hundred feet, and has been for many years used for waterway transportation to and from plaintiffs' property, docks and wharfs thereon; that the river is a port of entry into all navigable waters of Illinois and of the United States, and a continuous highway by water to the ports of entry of the world's commerce; that plaintiffs' rights are being seized and destroyed by defendants, by the said obstructions in the river at the place aforesaid, to the irreparable injury of the plaintiffs in their use of navigable

water; that the river between Thirty-ninth street and Ashland avenue is still useful for navigation purposes; that the sewer construction is too high above the bed of the stream, to-wit: fourteen feet, and the bridge is too low, to-wit: four feet from the surface of the water, and that such obstructions will destroy navigation along plaintiffs' property. There are other allegations which are conclusions or inferences derived from the facts stated above. The motion to dismiss admits such facts as are directly alleged, and the question presented is whether the facts averred are sufficient to state a cause of action requiring answers by the defendants.

A supplemental abstract has been filed setting forth the original complaints in the two earlier cases and the answer of the sanitary district, but inasmuch as the causes were consolidated, a new complaint filed, and a motion to dismiss the new complaint made by both defendants, such former pleading has no relevancy, the prior proceeding being abandoned by joining issue upon the new complaint, and, therefore, has no place in the determination of the issues before the court. The part of the complaint reciting provisions of the constitution and the law is mere unnecessary surplusage and adds no force to the complaint.

Two issues are presented: First, does the complaint set forth mere conclusions and not ultimate facts, and second, assuming there are facts properly alleged, do the plaintiffs have an adequate remedy at law.

The first proposition is raised by the motion in the following language, "moves the court to dismiss the above entitled complaint for the following reason: Paragraphs 1 to 6, set forth conclusions, and do not contain allegations of ultimate facts."

There is no provision in the Civil Practice act defining a conclusion, nor any provision in the act requiring a complaint to contain allegations of ultimate facts. Certain facts are directly alleged in the complaint as well as certain con-

clusions drawn from such facts. It was not necessary to allege such conclusions, as the law would infer them from the direct statement of facts.

In *Traveler's Ins. Co.* v. *Hallauer,* 131 Wis. 371, 111 N. W. 527, it is said: "Where the conclusion describes a legal status or condition or a legal offense, it would ordinarily be termed a conclusion of law. Where on the other hand, the conclusion describes a condition or status not represented or designated by some definite legal term or rule, it will ordinarily be a conclusion of fact."

The matters set out in the above complaint are· direct allegations of facts pertaining to the plaintiffs' property. The rights arising from such facts are conclusions of law which neither injure nor help the plaintiffs' case, but are descriptive merely of what the plaintiffs claim in the way of rights derived from such facts.

With such facts as are directly alleged and admitted by the motion, the question presents itself as to whether they do create any rights entitling the plaintiffs to the relief prayed. Apparently, defendants do not undertake to say that no rights at all arose from the facts· stated, but that plaintiffs had adequate relief at law rather than in equity. This raises the question as to what rights plaintiffs have under the facts, if proved, and what relief they are entitled to, if any, in a court of equity.

It is apparent that plaintiffs are claiming riparian rights in the waters of the south branch of the Chicago river. A riparian owner is one who owns land bordering upon a running stream, and he has the right to the flow of its water as a natural incident of his estate, and it cannot lawfully be diverted, increased, diminished or polluted against his consent. (*Sturr* v. *Beck,* 133 U. S. 541; *Deterding* v. *Central Illinois Public Service Co.* 313 Ill. 562; *City of Kewanee* v. *Otley,* 204 id. 402; *Druley* v. *Adam,* 102 id. 177.) Riparian proprietorship is a property right of which the owners cannot be deprived without due process of law.

(*Fuller* v. *Shedd,* 161 Ill. 462; *City of Kewanee* v. *Otley, supra; Beidler* v. *Sanitary District,* 211 Ill. 628; *City of Chicago* v. *Laflin,* 49 id. 172; *People* v. *Economy Power Co.* 241 id. 290.) The fact that a river is navigable does not affect the riparian rights of the owner. (*Braxon* v. *Bressler,* 64 Ill. 488; *Middleton* v. *Pritchard,* 3 Scam. 510; *People* v. *Economy Power Co. supra.*) Illinois riparian owners have rights to the beds of all streams above the flow of the tide whether actually navigable or not. (*Hardin* v. *Jordan,* 140 U. S. 371.) Whether the complaint of the increase, diminution or diversion concerns conditions above or below the plaintiffs' riparian property makes no difference. *Deterding* v. *Central Illinois Public Service Co. supra.*

The plaintiffs alleged ownership of the property and the wharfs located on the river extending to the center thread of the stream. If this allegation be true, the plaintiffs own riparian rights as pointed out above.

It does not appear the obstructions occur upon the plaintiffs' land and hence it is claimed they have no right to· an injunction, but can obtain adequate relief by a suit at law. It has been held that a riparian owner is entitled to an injunction against the diversion, diminution, or increase of the natural flow of the stream if the remedy is seasonably invoked. (*Deterding* v. *Central Illinois Public Service Co. supra; Hicks* v. *Silliman,* 93 Ill. 255; *Elser* v. *Village of Gross Point,* 223 id. 230; *Graham* v. *Keene,* 143 id. 425; *Ribordy* v. *Murray,* 177 id. 134.) So far as shown by the record, the acts complained of are not completely finished, but appellants' rights are in the course of being seized by the branch being solidly filled with dirt, etc.

Questions have been raised as to whether the United States or the State of Illinois controls the stream in question since Congress, by the act of February 27, 1923, relinquished to the State of Illinois all right of control over that part of the Chicago river involved. (U. S. C.A. title 33, sec. 27.) Our legislature, by the act of July 5, 1927, authorized cities

to fill in the portion of any watercourse or stream declared non-navigable or abandoned by the United States. (Ill. Rev. Stat. 1937, chap. 24, par. 811a, p. 555.) Paragraph 811c of the same chapter, enlarges the power of cities and villages to condemn property for improvements made necessary by the relocation or altering of any natural or artificial watercourse. The act of Congress above mentioned, did not declare the Chicago river non-navigable but only relinquished control to the State of Illinois. But this point is immaterial since riparian rights apply to all flowing streams whether navigable or non-navigable, but with respect to navigable streams, the right of the riparian owner is subject to a public easement to use the river for navigation purposes. (*Beidler* v. *Sanitary District, supra; Braxon* v. *Bressler, supra; People* v. *Economy Power Co. supra.*) The statute of Illinois authorizing eminent domain proceedings which may be required by the relocation or filling up of streams, would authorize a proceeding to acquire riparian rights, since such rights cannot be taken without compensation. *Beidler* v. *Sanitary District, supra.*

There is nothing in *Leitch* v. *City of Chicago,* 41 Fed. (2d) 728, that determines any rights in this case, as the real point there determined was lack of jurisdiction of the United States courts to determine the questions involved. The provisions of the Ordinance of 1787 have no application, since, upon Illinois becoming a State, it forthwith became entitled to and possessed all the right to dominion and sovereignty which belonged to the original States. *Escanaba Trans. Co.* v. *City of Chicago,* 107 U. S. 678, 27 L. ed. 442.

It thus appears that the plaintiffs stated facts which give them certain valuable rights as riparian owners on running water; that defendants were doing acts which impaired those rights; that plaintiffs were entitled to file a bill for injunction to restrain a destruction of those rights if brought in seasonable time; that there is nothing in the record to

show the complaint was not seasonably filed, and nothing in the public statutory law forbidding the plaintiffs from maintaining their suit. Whether the allegations of the complaint are true, or whether there are other matters which would bar the relief prayed, can only be shown by an answer, and we are of the opinion the superior court of Cook county erred in dismissing plaintiffs' complaint.

The judgment of the superior court is reversed and the cause is remanded, with directions to overrule the motion to dismiss the plaintiffs' complaint.

*Reversed and remanded, with directions.*