THE DEPARTMENT OF NATURAL RESOURCES, Plaintiff-Appellee, v. DANNY J. PEDIGO *et al.*, Defendants-Appellants.

Fourth District    No. 4—03—0777

Argued March 17, 2004.—Opinion filed June 4, 2004.

Duane D. Young (argued) and Dawn D. Behnke, both of LaBarre, Young & Behnke, of Springfield, for appellants.

William L. Broom III (argued) and Patricia A. Small, Special Assistant Attorneys General, of Carbondale, and Thomas C. Pavlik, Jr., of Springfield, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendants, Danny Pedigo, Wanda Pedigo, Tony Capranica, Linda Capranica, and Joseph Bonefeste, treasurer of Sangamon County, Illinois (hereinafter defendants), appeal the trial court's award of summary judgment in favor of plaintiff, the Illinois Department of Natural Resources (Department), arguing the trial court erred in (1) granting summary judgment in favor of the Department, (2) barring Danny Pedigo's testimony, (3) barring Linda Capranica's testimony, (4) refusing to bar Barry W. Taft's testimony, and (5) its determination of what the "whole" of the condemned property constituted. We reverse the trial court's judgment and remand with directions.

## I. BACKGROUND

On February 6, 2001, the Department filed a complaint for condemnation against defendants. The Department sought fee simple title to defendants' real property for the acquisition, development, and construction of the Chatham Trail Bikeway, a seven-mile bike trail from Chatham to Springfield. The Department also sought a three-year temporary construction easement. On February 26, 2001, defendants filed a traverse, challenging the Department's right to condemn their property. Defendants argued that (1) the taking was not for a public use or purpose, (2) the property sought to be acquired was not necessary or convenient for the purposes for which it was sought to be taken, and (3) the complaint was filed without legal authorization in the form of the written consent of the Governor as required by section 5—675 of the Departments of State Government Law (20 ILCS 5/5—675 (West 2000)) or in the form of formal action by the Department itself authorizing condemnation. On June 13, 2001, the trial court denied defendants' traverse, finding the Department presented sufficient evidence to sustain its burden to present a *prima facie* case that (1) the taking was for a public use or purpose, (2) the property sought to be acquired was necessary or convenient for the purpose for which it was sought to be taken, and (3) the complaint was filed with legal authorization in the form of written consent of the Governor.

On July 2, 2001, defendants filed a cross-complaint, alleging that the remainder of their real estate would be damaged by the Depart-

ment's taking and requesting that damages be assessed. The Department moved to strike defendants' cross-complaint because defendants did not properly allege unity of use between the disputed parcel and the remainder property. The trial court granted the Department's motion to strike but granted defendants leave to file an amended cross-complaint. On January 31, 2002, defendants filed an amended cross-complaint, alleging that the land described in the complaint for condemnation was contiguous to and used in conjunction with defendants' remaining lands. On November 26, 2002, defendants filed a second-amended cross-complaint, correcting a legal description of defendants' land.

On December 23, 2002, the Department filed its first motion *in limine* to prevent and exclude Danny Pedigo from testifying on behalf of defendants as to his opinion of damages to the remainder property. The Department argued Pedigo considered an improper element of damages in reaching his opinion of the market value of the remainder, *i.e.*, the potential for trespassing on his land by users of the bike path. Trespassing, the Department argued, is not a compensable element of damages. Defendants disagreed, arguing that trespassing, when not a remote threat, is a proper measure of damages. On February 19, 2003, the trial court denied the Department's first motion *in limine*.

On December 23, 2002, the Department also filed a motion for a judicial declaration of whole property. The Department sought this declaration because the measure of just compensation depended upon which property was considered the remainder. The Department believed only the 0.59-acre triangular parcel in section 31, from which the 0.147-acre parcel was being taken, was the "whole property." Defendants responded that the land being taken did not wholly lie within the 0.59-acre parcel and the Department's motion was fatally flawed because it did not properly describe the lands to be taken. Further, defendants argued that the "whole property" constituted 58.89 acres of defendants' land, including parcel 1 located in section 29, parcel 2 located in section 31, and parcel 3 located in section 32. The Department filed a response admitting the mistaken reference to the 0.59-acre parcel. The Department argued its mistake was in name only as the taken area was properly described in exhibits submitted to defendants and the court. The Department asserted that the whole property constituted 0.90 acres, which included that portion of defendants' property in section 31 that is located south of the line where the sod farming stops and west of the bike path corridor already owned by the Department. On February 19, 2003, the trial court declared the whole property to be that portion of defendants' property in section 31, west of the property already owned by the Department and south of the line where the sod farming stops.

On March 14, 2003, the Department filed another motion *in limine,* seeking to prevent and exclude Danny Pedigo from testifying as to the value of the remainder because he improperly considered special value to himself as well as special value to the City of Springfield, an adjacent landowner, instead of relying on the fair market value of the property. On March 31, 2003, the trial court denied the Department's motion. However, on the Department's motion to reconsider, the court granted the motion and excluded Pedigo from testifying as to the value of the remainder.

On April 7, 2003, the Department filed a motion for summary judgment. The Department argued that the only issue to be determined by a jury was the amount of just compensation to be awarded to defendants. Because the court had ruled that Pedigo's testimony was to be excluded, the only witness left to testify as to the value of the remainder was the Department's expert, Barry W. Taft. As such, the Department argued, summary judgment should be granted to the Department for $1,100, the amount of just compensation and the temporary construction easement. On April 30, 2003, defendants, in response to the Department's motion for summary judgment, asserted that Linda Capranica had appraised the property, and therefore, the Department's motion for summary judgment should be denied. In addition, defendants made a motion to exclude Taft's testimony because he had used improper elements in forming his opinion as to the value of the remainder property. Defendants argued that Taft (1) used the wrong evaluation dates; (2) erroneously claimed no part of defendants' land was underwater; (3) believed only Danny Pedigo was the owner; (4) believed no leaseholds were involved; (5) appraised the property with limited data; (6) was unable to view a portion of the property; (7) made no effort to determine who the adjacent property owners were; (8) used a "non-arm's-length" transfer as a comparable sale; (9) knew of no other comparable properties that resulted in a value as low as he valued defendants' property; (10) did not consider defendants' riparian rights to Lake Springfield water; and (11) did not recognize the value of any structure on the property. On May 22, 2003, the Department filed a motion to bar Capranica's testimony on the grounds that her disclosure as a witness was untimely. On June 3, 2003, the trial court denied defendants' motion to bar Taft's testimony and granted the Department's motion to bar Capranica's testimony. The court also denied the Department's motion for summary judgment. However, on reconsideration, the court granted summary judgment and awarded defendants $1,100 as just compensation. This appeal followed.

## II. ANALYSIS

Defendants appeal, arguing the trial court erred in (1) granting

summary judgment in favor of the Department, (2) barring Pedigo's testimony, (3) barring Capranica's testimony, (4) refusing to bar Taft's testimony, and (5) its determination of what the "whole" of the condemned property constituted. We consider these arguments in turn.

## A. Eminent Domain

■ The United States Constitution forbids private property from being "taken for public use, without just compensation." U.S. Const., amend. V. Similarly, the Illinois Constitution prohibits the State from taking or causing damage to private property without just compensation. Ill. Const. 1970, art. I, § 15. The purpose of these provisions is to ensure that the owner of the lands taken is made whole, not to place him in a better position than he was before the taking. *Department of Transportation v. White*, 264 Ill. App. 3d 145, 149, 636 N.E.2d 1204, 1208 (1994).

■ In an eminent-domain proceeding, the only question for the jury to decide is the just compensation to be paid to the owner of the property that is to be condemned. *City of Quincy v. Diamond Construction Co.*, 327 Ill. App. 3d 338, 343, 762 N.E.2d 710, 714 (2002). "Just compensation" is the fair market value of the property at its highest and best use on the date of the filing of the complaint to condemn. See 735 ILCS 5/7—121 (West 2000). "Market value" is defined as " 'what the owner, if desirous of selling, would sell the property for, and what reasonable persons, desirous of purchasing, would have paid for it.' " *White*, 264 Ill. App. 3d at 150, 636 N.E.2d at 1208, quoting *Ligare v. Chicago, Madison & Northern R.R. Co.*, 166 Ill. 249, 261-62, 46 N.E. 803, 808 (1897) (now codified in 735 ILCS 5/7—121 (West 1992)).

## B. The Trial Court Did Not Properly Determine the Whole of the Property To Be Condemned

Defendants own three parcels of land in sections 29, 31, and 32, totaling approximately 58.89 acres, near Lake Springfield. Defendants argue the trial court erred in its determination that the "whole property" constituted a small portion of defendants' property in section 31, west of the property already owned by the Department and south of the line where defendants no longer cultivated sod. We agree.

■ The court's determination of whether certain parcels of land constitute one parcel for purposes of calculating damages to the remainder is a question of law and is reviewed *de novo*. *Department of Transportation v. Chicago Title & Trust Co.*, 303 Ill. App. 3d 484, 495, 707 N.E.2d 637, 645 (1999). To recover damages to the remainder in an eminent-domain proceeding, "it must appear that this and the condemned land are contiguous, that is, they are either physically

joined as a single unit or so inseparably connected in use that the taking of one will necessarily and permanently injure the other." *City of Chicago v. Equitable Life Assurance Society of the United States*, 8 Ill. 2d 341, 346, 134 N.E.2d 296, 299 (1956). Physical proximity and unity of use are relevant inquiries as to contiguity. *Department of Conservation v. Franzen*, 43 Ill. App. 3d 374, 382, 356 N.E.2d 1245, 1251 (1976). However, physical proximity of the properties is not conclusive. *City of Lake Forest v. First National Bank of Lake Forest*, 52 Ill. App. 3d 893, 896, 368 N.E.2d 156, 158 (1977). Generally, damages to the remainder are only recognized when the taking of the parcel effectively damages or destroys the principal use for which the remainder was designed. *Lake County Public Building Comm'n v. La Salle National Bank*, 176 Ill. App. 3d 237, 242, 531 N.E.2d 110, 114 (1988). When deciding whether two pieces of property ought to be considered as a whole, the trial court must consider the properties as they existed when the condemnation proceeding was commenced. *La Salle*, 176 Ill. App. 3d at 242-43, 531 N.E.2d at 114.

The Department argues defendants have failed to demonstrate unity of use between the 0.147-acre parcel sought to be taken and the remaining land in sections 29, 31, and 32. Defendants argue that the land sought by the Department connects defendants' sod farm and landscaping business to Lake Springfield, and therefore, the whole property should include all three parcels of land. We agree.

Defendants have shown that a small degree of physical contiguity exists between the parcel the Department wishes to condemn and a portion of defendants' property in section 31. The property to be taken does not touch any of defendants' property in sections 29 or 32. Although relevant, the fact that the parcel to be taken and a portion of defendants' property touch is not dispositive of whether the parcels should be viewed as a single piece of property.

To recover damages to the remainder, defendants must also show that the Department's taking of the land would effectively damage or destroy the principal use for which the remainder of the property was designed. Section 29 has been improved with businesses, including a landscaping business, a storage building, and a barn. The remainder of the property in section 29, as well as the property in sections 31 and 32, is used for sod farming. In his deposition, Danny Pedigo stated that (1) the majority of defendants' lands is used for a sod farm and landscaping business, (2) the abundant availability of water is a crucial element in both sod farming and the landscaping business, (3) in times of drought, he has used water from Lake Springfield for the sod farm and the landscaping business, and (4) the availability of water from Lake Springfield is an important element of the sod farm and

landscaping business. However, Pedigo also stated that he has not taken any appreciable amount of water from the lake for these purposes since 1992. In addition, Pedigo stated that the land was currently used for recreational purposes.

■ This evidence is sufficient to conclude that the land in sections 29, 31, and 32 should be considered the whole property. The determination of whether various parcels constitute a whole is based upon the use of the parcels as they existed at the time the condemnation proceeding was commenced. Here, the complaint for condemnation was filed on February 6, 2001. As of this date, defendants used the land sought to be taken for recreational purposes and as access to a water source should their sod farm and landscaping business require its use. The Department argues that contiguity cannot be found between the parcel to be taken and defendants' remaining land because defendants did not actually remove water from the lake on the date of filing the complaint, February 6, 2001. Defendants should not be undercompensated merely because the City of Springfield has not suffered a drought in 12 years. On the date the complaint for condemnation was filed, the parcel to be taken existed as a point of access to the lake, to which defendants enjoyed riparian rights. Defendants intend to exercise their riparian rights by extracting water from the lake to irrigate their crop should drought conditions exist in the future. Defendants are not required to remove water from the lake on the date the complaint for condemnation was filed for contiguity to exist. The trial court erred in concluding otherwise. On remand, the amount of just compensation should be determined as the difference between the value of sections 29, 31, and 32 before the taking and the value of those sections after the taking. In addition, it should be noted that the amount of just compensation to be awarded to defendants should include compensation for the loss of riparian rights defendants will suffer. See *Leitch v. Sanitary District of Chicago*, 369 Ill. 469, 475, 17 N.E.2d 34, 37 (1938).

Because our ruling with respect to the first issue is dispositive of this appeal, we need not reach defendants' other claims of error.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judicial declaration of the whole property and remand for further proceedings.

Reversed and remanded with directions.

TURNER and APPLETON, JJ., concur.